317 So.2d 750 (1975)
STATE of Florida, Appellant,
v.
Robert Louis BEASLEY, Appellee.
No. 44929.
Supreme Court of Florida.
July 30, 1975.
Rehearing Denied October 3, 1975.
*752 Robert L. Shevin, Atty. Gen., and Richard W. Prospect, Asst. Atty. Gen., for appellant.
Phillip A. Hubbart, Public Defender, and Roy S. Wood, Jr., Asst. Public Defender, for appellee.
OVERTON, Justice.
The constitutionality of this state's riot statute, Section 870.01(2), Florida Statutes (1973), is the issue in this cause. The appellee was charged by information with the offense of riot in that he, on February 14, 1973, "did incite or encourage a riot, in violation of 870.01(2), Florida Statutes." No further specifics were set forth in the information.
The appellee-defendant filed a motion to dismiss the information. The trial judge, in an extensive order, directly held the statute facially unconstitutional. We have jurisdiction pursuant to Article V, Section 3(b)(1), Florida Constitution.
We reverse the trial court and hold the statute is constitutional upon our authoritative, limiting construction. We affirm, however, the order dismissing the information on the grounds that it contains insufficient allegations under Rules of Criminal Procedure 3.140(b), (d)(1), to establish the elements of this offense.
We have a responsibility to avoid a holding of unconstitutionality if a fair construction of the statute can be made within constitutional limits. The United States Supreme Court recognized this restrictive construction doctrine in Shuttlesworth v. Birmingham, 382 U.S. 87, 86 S.Ct. 211, 15 L.Ed.2d 176 (1965). The Fourth Circuit Court of Appeals adopted this doctrine in United States v. Cassiagnol, 420 F.2d 868 (4th Cir.1970), cert. den. 397 U.S. 1044, 90 S.Ct. 1364, 25 L.Ed.2d 654. The Fifth Circuit Court of Appeals acknowledged the restrictive constitutional construction doctrine in Wiegand v. Seaver, 504 F.2d 303 (5th Cir.1974). In that case the court struck down our disorderly conduct statute because we had not authoritatively and restrictively construed the statute's application so that it applied solely to that speech which the state could constitutionally regulate. We previously applied this restrictive construction doctrine in State v. Ecker, 311 So.2d 104 (Fla. 1975).
The subject statute, Section 870.01(2), Florida Statutes (1973), reads as follows:
"All persons guilty of a riot, or of inciting or encouraging a riot, shall be guilty of a felony of the third degree, punishable as provided in § 775.082, § 775.083, or § 775.084."
The term "riot" is not defined in the statute and, therefore, the common law definition must be applied. Fields v. State, 85 So.2d 609 (Fla. 1956); Smith v. State, 80 Fla. 315, 85 So. 911; See 77 C.J.S. Riot § 1 a, pp. 421-422. The term "riot" at common law is defined as a tumultuous disturbance of the peace by three or more persons, assembled and acting with a common intent, either in executing a lawful private enterprise in a violent and turbulent manner, to the terror of the people, or in executing an unlawful enterprise in a violent and turbulent manner. 1 Hawkins on Pleas of the Crown 513 (8th Ed. 1824); Ballantine's Law Dictionary 1121 (3d Ed. 1969); Black's Law Dictionary 1490 (4th *753 Ed. 1968); Salem Manufacturing Company v. First American Fire Insurance Company, 111 F.2d 797 (9th Cir.1940).
When considering the offense of inciting to riot, the words uttered by such person or the act done by him must be such as to support a finding that they were said or done with intent to provoke a riot. In the light of all the circumstances, the language used must clearly intend to incite a breach of the peace. Commonwealth v. Egan, 113 Pa.Super. 375, 173 A. 764 (1934). We recognize that our statute may not be used to interfere with an individual's right to free speech. See Gooding v. Wilson, 405 U.S. 518, 92 S.Ct. 1103, 31 L.Ed.2d 408 (1972). For our statute to be constitutional, the words used must be such that they advocate violence and tend to incite an immediate breach of the peace.
Appellee contends that the term "riot" as used at common law is so vague that a citizen of common intelligence must guess at its meaning. We disagree. We believe that citizens understand the term "riot" to mean a group acting defiantly and unlawfully in a violent manner. In fact, the term probably has a better common understanding by a citizen than the term "disorderly conduct" or "loitering" as they have been used and upheld by federal courts in Shuttlesworth v. Birmingham, supra, and United States v. Cassiagnol, supra.
We hold Section 870.01(2), Florida Statutes (1973), establishing the criminal offense of riot and inciting and encouraging a riot, is constitutional subject to the following restrictive limitations. The offense of riot is as it is defined at common law, and each of the common law elements of the offense must be established by the circumstances of the incident. Specifically, the charging document must articulate facts which establish that three or more persons acted with a common intent to mutually assist each other in a violent manner to the terror of the people and a breach of the peace.
With reference to the offense of inciting or encouraging a riot, the charging document must establish circumstances justifying a clear and present danger of a riot in accordance with its elements as heretofore set out and that the language used by the defendant tended to incite the persons assembled to an immediate breach of the peace. Conduct which involves a clear and present danger of force or violence is not constitutionally protected even though it is intertwined with protected speech and conduct. It is no abridgment of free speech or assembly to make criminal the promoting, encouraging, and aiding of an assembly, the purpose of which is to wreak violence. Cole v. Arkansas, 338 U.S. 345, 70 S.Ct. 172, 94 L.Ed. 155 (1949).
The legislature could adopt a statute which expressly defines the offense of riot, such as is contained in the federal statute, 18 U.S.C. pp. 257-260, §§ 2101, 2102. Any statutory definition, however, must include the element that the prohibited conduct encourages or constitutes a breach of the peace. Such a statute can be more encompassing than the common law definition of riot. A redrafting of our statute to include a definition is, however, not constitutionally required.
The circumstances in the present case may or may not justify a charge for inciting a riot. The facts are not sufficiently before us. The information as drawn is clearly inadequate. See Rules of Criminal Procedure 3.140(b) and 3.140(d)(1), and Florida Criminal Rules and Practice at 53 (The Florida Bar CLE 1974); Kittleson v. State, 152 Fla. 242, 9 So.2d 807 (1942); Rosin v. Anderson, 155 Fla. 673, 21 So.2d 143 (1945); Russell v. United States, 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962).
We reverse the holding of the trial judge that the statute is facially unconstitutional. *754 We affirm the dismissal of the information on the grounds of inadequate allegations, without prejudice to the State to file an amended information. This cause is remanded for proceedings not inconsistent herewith.
It is so ordered.
ADKINS, C.J., and ROBERTS, BOYD and ENGLAND, JJ., concur.