326 So.2d 419 (1975)
James Leroy ALLEN, Appellant,
v.
STATE of Florida, Appellee.
Julius Terry MULLINS, Appellant,
v.
STATE of Florida, Appellee.
No. 45675.
Supreme Court of Florida.
December 10, 1975.
Rehearing Denied February 10, 1976.
Steadman S. Stahl, Jr., of Varon, Stahl & Kay, Hollywood, and Archie Odom, Port Charlotte, for appellants.
Robert L. Shevin, Atty. Gen., and Richard G. Pippinger, Asst. Atty. Gen., for appellee.
OVERTON, Justice.
These consolidated cases are before this Court upon the constitutionality of the riot statute, Section 870.01(2), Florida Statutes (1973), and an improper identification procedure which allegedly made an independent identification at trial impossible.
Appellant Allen was charged in a three-count information. The first two counts allege (1) an aggravated battery upon Sam Kirkland and (2) malicious injury or damage to real or personal property. The third count charged appellant with the riot offense, and reads in its entirety as follows:
"JAMES LEROY ALLEN, did then and there riot, or incite a riot, or encourage a riot."
Appellant Mullins was charged in a four-court information. The first three counts allege (1) an aggravated battery upon Sam Kirkland, (2) an aggravated battery upon Ralph Cunningham, and (3) *420 resisting a law enforcement officer with violence. The fourth count charged the appellant, Mullins, with the riot offense and reads in its entirety as follows:
"JULIUS TERRY MULLINS, did then and there riot, or incite a riot, or encourage a riot."
Each of the appellants moved to dismiss the riot count of his respective information on the grounds that:
"... Chapter 870.01 of the Florida Statutes is unconstitutional in that it fails to set forth sufficient information and guidelines... ."
The trial court denied the motions to dismiss. The constitutional issue gives this Court jurisdiction.[1] Having proper jurisdiction, we may proceed to dispose of all other issues properly presented in this appeal.[2]
Appellant Allen entered a plea of nolo contendere to Count 3 charging riot, preserving "any appealable points." Upon the plea being entered, the State nolle prossed Count 1, aggravated battery, and Count 2, malicious damage to real or personal property. Allen was sentenced to five years imprisonment.
Appellant Mullins was tried by a jury, which returned its verdict of guilty to Count 1, aggravated battery upon Sam Kirkland, and to Count 4, inciting a riot. Mullins was found not guilty of Count 2, aggravated battery upon Ralph Cunningham, and of Count 3, resisting arrest with violence. He was sentenced to five years imprisonment on each of Counts 1 and 4, with the sentences to run concurrently.
With reference to the constitutional issue, we hold the riot statute, Section 870.01(2), Florida Statutes (1973), is constitutional in accordance with our recent decision in State v. Beasley, 317 So.2d 750 (Fla. 1975), and the restrictive construction contained therein. Under the guidelines set out in State v. Beasley, supra, the information in each of these cases is insufficient to properly charge a riot offense under Section 870.01(2), Florida Statutes (1973). The plea of nolo contendere admits, for the purpose of the case, all the facts which are well-pleaded and only those. Chesebrough v. State, 255 So.2d 675 (Fla. 1971); Peel v. State, 150 So.2d 281 (Fla.App.2d 1963). The charge is not well-pled. Both defendants properly preserved the issue on appeal. Their respective convictions under the riot counts must be reversed, without prejudice to the State to file amended informations.
The second issue concerns a pretrial identification procedure which clearly was impermissible. The trial court, after an extensive hearing, ruled that the identification procedure was improper and that any evidence of such out-of-court identification would be excluded from the trial of the defendants, Allen and Mullins.
Numerous eyewitnesses at the trial of Mullins made in-court identifications, including the victim and a deputy sheriff there present in an undercover role. Viewing the trial testimony of the witnesses in its entirety, there were sufficient independent sources for the in-court identification. There is nothing in the record that shows the in-court identification was tainted by the prior improper out-of-court identification procedure. We have considered and reviewed appellants' contention that Davis v. Mississippi, 394 U.S. 721, 89 S.Ct. 1394, 22 L.Ed.2d 676 (1969), should be applied and all witnesses who viewed the appellants at the improperly conducted identification procedure should be excluded from testifying in the cause. We hold the in-court identification was admissible under this Court's decision in Chaney v. State, 267 So.2d 65 (Fla. 1972), and the decision *421 of the United States Supreme Court in Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972). The conviction of appellant-Mullins for aggravated battery is affirmed.
In summary, we reverse the convictions and sentences of Allen and Mullins on the riot counts because the information failed to properly charge a riot offense. The State may file amended informations for said offenses. We affirm the conviction and sentence of Mullins on the aggravated battery count.
This cause is affirmed in part and reversed in part, and is remanded for proceedings not inconsistent herewith.
It is so ordered.
ADKINS, C.J., and ROBERTS, BOYD, ENGLAND, SUNDBERG and HATCHETT, JJ., concur.
NOTES
[1] Article V, Section 3(b)(1), Florida Constitution.
[2] P.C. Lissenden Co., Inc., v. Board of County Commissioners, 116 So.2d 632 (Fla. 1960).