OVERTON, Justice.
This case is before this Court upon the constitutionality of the riot statute, Section 870.01(2), Florida Statutes (1973). The appellant, Francis Kelly, was charged in a two-count information as follows:
“COUNT I FRANCIS KELLY, did then and there riot, or incite a riot, or encourage a riot.
“COUNT II FRANCIS KELLY, did then and there, willfully, maliciously and intentionally injure or damage real or personal property, to-wit: An International backhoe, the property of RUPERT BROWN, said damage being in excess of $200.00.” [1]
The appellant moved to dismiss Count 1 on the grounds that:
“. . . Chapter 870.01 of the Florida Statutes is unconstitutional in that it fails to set forth sufficient information and guidelines. . .
The trial court denied the motion to dismiss. We have jurisdiction.[2]
The appellant was tried by a jury, which returned its verdict of guilty to both Counts 1 and 2 of the information. The appellant was sentenced to five years on each count, the sentences to run concurrently.
We hold Section 870.01(2), Florida Statutes (1973), is constitutional in accordance with our recent decision in State v. Beasley, 317 So.2d 750 (Fla.1975), and the restrictive construction contained therein. Under the guidelines set out in State v. Beasley, supra, the information in this cause is insufficient to properly charge the offense of riot. The conviction and sentence under Count 1 of the information are hereby vacated, without prejudice to the State to file an amended information.
The conviction and sentence under Count 2 of the information are valid, no error having been asserted.
This cause is remanded for proceedings not inconsistent herewith.
It is so ordered.
ADKINS, C. J., and ROBERTS, BOYD, ENGLAND, SUNDBERG and HATCHETT, JJ.

. Section 822.18, Florida Statutes (1973).

. Article V, Section 3(b)(1), Florida Constitution.