**CITY OF BOCA RATON v. PARREAULT.**
No. 77 2228 MO.
**CITY OF BOCA RATON v. JONES.**
No. 77 2231 MO.
County Court, Palm Beach County.
September 19, 1977.

Robert A. Eisen, Assistant City Attorney, for the city.

Preston Mighdoll, Office of Public Defender, for the defendant Jones.

Michael B. Davis, West Palm Beach, amicus curiae.

DANIEL T. K. HURLEY, Acting County Judge.

These cases came on separately before the court and were consolidated on the court's own motion for the purposes of discussion and rendition of appropriate orders.

Both defendants herein are charged with violations of Boca Raton's Municipal Ordinance 15-30.1 which requires convicted felons and other persons engaged in certain enumerated occupations to register with the police, be fingerprinted, photographed and obtain an identification card. Mrs. Parreault, the defendant in 77-2228, is employed in a bar, an occupation listed in Subsection 1(a) of the ordinance; Mr. Jones, the defendant in 77-2331, is engaged in the business of lawn maintenance and care, an occupation listed in Subsection 1(e) of the ordinance.

A review of the ordinance indicates that it lists one status-category (convicted felons) with six types of occupations, all of which require registration, etc. Subsection 7 of the ordinance contains the penalty provision which reads —

"Any person, concern, or corporation violating any of the provisions of this section shall be punished upon conviction thereof in accordance with the provisions of Section 1-8 of the Code of Ordinances."

The issue before the court is whether the above subsection requires a showing of knowledge of the ordinance and its requirements before there can be a conviction for a violation of the ordinance.

A sample reading of the cases dealing with "registration ordinances," suggests that there are varying acceptable threshold requirements of notice. Compare *Lambert v. California,* 355 U.S. 225, 2 L.Ed.2d 228 (1957) with *City of Miami v. Kayfetz,* 92 So.2d 798 (Fla. 1957), *People v. Stuller,* 10 Cal.App.3d 582, 89 Cal. Rptr. 158 (1970), and those cases cited in 41 ALR 3d 732. Where an ordinance regulates "wholly passive" conduct, e.g., the presence of a convicted felon in a municipality, there is a requirement ". . . that actual knowledge of the duty to register or proof of the probability of such knowledge and subsequent failure to comply [be proven] before a conviction under the ordinance can stand." *Lambert,* supra at 229. After becoming aware of his duty to register, a convicted felon must be afforded an opportunity to register and comply with the ordinance. On the other hand, ordinances which regulate "active conduct," i.e., businesses which normally are regulated by the state, do not require proof of actual notice.

The Boca Raton ordinance casts an all-ensnaring net. Convicted felons are enmeshed with several other categories of people who must register, etc. Thus status or passive conduct and active conduct are grouped together and treated in the same fashion. All are subject to the same penalty provision of Subsection 7.

The fact that convicted felons are included in the ordinance, requires that *Lambert,* supra, be followed in the interpretation and construction of Subsection 7. The council's decision to enact one ordinance to regulate different categories, had the subsidiary effect of creating a uniform notice requirement. Thus, under the Boca Raton ordinance, workers engaged in active conduct are entitled to the same degree of notice as are convicted felons, people who occupy a status which is characterized as passive conduct.

The dictates of *Lambert,* supra, together with the general principle that courts have a responsibility to avoid a holding of unconstitutionality if a fair construction of a statute can be made within constitutional limits, *State v. Beasley,* 317 So.2d 750 (Fla. 1975), require that Subsection 7 be read to prohibit "knowing violations" of the ordinance. To obtain a conviction under the ordinance, the

prosecution must prove actual knowledge of the duty to register or must offer sufficient proof of the probability of such knowledge and of the defendant's failure to comply with the requirements of the ordinance.

### Parreault

Turning now to the facts in the cases before the court, Barbara Parreault, unrepresented by counsel, was tried in a non-jury trial. Throughout that proceeding she contended that she was unaware of the existence of the ordinance or of its registration requirements. No testimony was introduced by the prosecution to contradict these assertions. Both sides presented evidence, rested, and at the conclusion of all of the testimony, both sides closed their respective cases. The court reserved ruling and subsequently appointed amicus curiae to research and discuss the constitutionality of the ordinance in question.

Given the posture of the case, the court has treated the brief of the amicus curiae as a motion for judgment of acquittal pursuant to Rule 3.380, Fla.R.Crim.P. Though the city in its response memorandum has requested the right to reopen the case and introduce evidence of the defendant's knowledge of the existence of the ordinance and of its requirements, that request is denied. Jeopardy attached after the first witness began his testimony, *Bernard v. State,* 261 So.2d 133 (Fla. 1972), and the evidence now must be evaluated as it appeared at the close of testimony. *McKnight v. State,* 341 So.2d 261 (Fla. 3rd DCA 1977).

### Jones

The ultimate question presented by the Jones case is whether people engaged in the business of lawn maintenance and care are proper subjects of a registration ordinance. While there is ample authority which suggests that occupations such as these may be so regulated, see e.g., *Thom v. New York Stock Exchange,* 306 F.Supp. 1002 (S.D.N.Y. 1969), this court need not and does not reach that issue. Jones' motion to dismiss sets forth facts which have not been traversed or denied by the prosecution and consequently those facts are deemed admitted. *Camp v. State,* 293 So.2d 114 (Fla. 4th DCA 1974).

Thus, it is admitted that Jones "had no prior specific or actual knowledge of the registration requirement" and that after being told of the requirement, was not afforded an opportunity to comply with the ordinance and obtain a registration card.

### Conclusion

Measuring the conduct of each defendant against the standard set forth above, it is ordered and adjudged that the defendant

Barbara Parreault's motion for judgment of acquittal be, and the same is herewith granted. Said judgment of acquittal is herewith entered, and it is further ordered and adjudged that the defendant Charles B. Jones' motion to dismiss be, and the same is herewith granted.