PER CURIAM.
The appellant was convicted after a jury trial on the charges of robbery and unlawful possession of a firearm while engaged in a criminal offense. He had previously entered a guilty plea to the charge of unlawful possession of a firearm by a convicted felon. He was sentenced to a term of 75 years imprisonment on the robbery count, followed by a 5 year term for unlawful possession of a firearm while engaged in a criminal offense. A concurrent term of 5 years was imposed for unlawful possession *169 of a firearm by a convicted felon. On appeal, the 5 year term for possession of a firearm while engaged in a criminal offense was eliminated. In all other respects, his conviction was affirmed. Cox v. State, 300 So.2d 64 (Fla. 3d DCA 1974).
In his first appeal, he attacked only the validity of his sentence. He now requests, and was granted, a belated appeal of his conviction pursuant to Baggett v. Wainwright, 229 So.2d 239 (Fla.1969).
The appellant contends that he was deprived of his constitutional right against self-incrimination when the State was permitted to elicit testimony at trial from the arresting officers concerning his silence while in custody. We agree and reverse on the authority of Bennett v. State, 316 So.2d 41 (Fla.1975).
In light of our decision to reverse, we need not consider or rule upon the appellant’s other point on appeal.
Reversed.