### CITY OF BOCA RATON v. SHULER.
No. 77 209 AC (F) 02.

Circuit Court, Palm Beach County, Criminal Appeal.

April 18, 1978.

Robert A. Eisen, Assistant City Attorney, for the appellant.

Stuart A. Young, Assistant Public Defender, for the appellee.

THOMAS E. SHOLTS, Circuit Judge.

This is a direct appeal by the city of Boca Raton from an order rendered by the Honorable Harold J. Cohen, Judge of the County Court, dismissing a municipal violation charge against the defendant, Jerry L. Shuler.

On March 29, 1977 Mr. Shuler was charged with a violation of Section 15-30.1 of the City of Boca Raton Code ofOrdinances which requires certain persons to register with the police department, be fingerprinted and photographed and obtain an identification card. Persons required to register include convicted felons *and* persons engaging in certain occupations such as lawn maintenance and care; golf caddies; astrologers; fortune-tellers; peddlers; and persons employed in bars, hotels, motels, restaurants or pool and billard parlors. Persons required to register on account of status (convicted felons) must do so within twenty-four hours of the time they enter the city. Those persons whose registration is dependent upon occupation must register prior to engaging in that occupation. The ordinance provides that violation attaches immediately upon failure to register.

The notice to appear and information sheet, by which Mr. Shuler was charged, alleges that on March 29, 1977 he was engaged in the occupation of lawn maintenance without possessing a city identification card or having registered with the city. At first appearance, held April 18, 1977, Mr. Shuler pled not guilty.

On June 24, 1977 the public defender moved that the charge against Mr. Shuler be dismissed on grounds that Section 15-30.1 was unconstitutionally applied to him. An evidentiary hearing was held on October 27, 1977. At the hearing, counsel for the city and Mr. Shuler stipulated that Mr. Shuler had received no actual notice of the requirement to register and that he was a resident of Delray Beach, Florida. The city presented evidence which showed (prior to enforcement of Section 15-30.1) the city's police department had published a notice in the Boca Raton News concerning the requirement of registration together with notice the ordinance would be enforced in the near future. The evidence also showed additional efforts by the police department to inform other types of workers of the requirement to register before enforcement. At the conclusion of the hearing, Judge Cohen dismissed the charge, holding that Mr. Shuler had received no actual notice of the requirement to register and that the city had not established probability of notice.

The issue presented here is the extent of notice which must exist before such a charge satisfies procedural due process.

A notice requirement for felon registration was mandated by the United States Supreme Court in *Lambert v. California*, 355 U. S. 225 (1957). In *Lambert*, Virginia Lambert had been convicted of violating (by failure to register) a Los Angeles ordinance requiring registration of all felons who remained in Los Angeles for a specified period of time. At trial, Ms. Lambert offered evidence that she had no actual knowledge of the Los Anegeles ordinance. The trial court refused her proffer of evidence, and on appeal the Supreme Court, because of the refusal of proffer, considered Ms. Lambert as having no actual knowledge of the ordinance.

The Supreme Court reversed her conviction holding the Los Angeles ordinance as it applied to her violated procedural due process. The defect in the application of the ordinance to her was that she had no actual knowledge of the ordinance and her violation of the ordinance was completely passive. The court held that for the conviction to meet constitutional standards of procedural due process the city of Los Angeles must demonstrate ". . . actual knowledge of the duty to register or proof of the probability of such knowledge." *Lambert* at 229.

Ms. Lambert's violation was completely passive because she violated the ordinance merely by previously acquiring a felony conviction and by locating in the city of Los Angeles without registering. With that degree of passivity, it is appropriate to require actual or constructive notice of the registration requirement. However, Justice Douglas clearly distinguished registration based upon occupation from criminal registration —

> "Registration laws are common and the range is wide. Many such laws are akin to licensing statutes in that they pertain to regulation of business activities. But the present ordinance is entirely different."
> *Lambert* at 229.

Mr. Schuler's violation was for failure to register while engaging in an occupation requiring registration. The registration enables the police to reasonably maintain information on persons engaging in certain occupations which historically have a nexus to the types of crime ordinarily perpetrated in seasonal resort communities such as Boca Raton. This is not to say all or any of the persons required to register are burglars, robbers or confidence men. It merely means certain occupations have historically been reasonably prominent in connection with certain types of crimes.

Judge Cohen, in dismissing the charge against Mr. Shuler, relied in part upon an earlier decision in related cases rendered by the Honorable Daniel T. K. Hurley. *City of Boca Raton v. Parreault* and *City of Boca Raton v. Jones*, County Court of Palm Beach County, 46 Fla. Supp. 159.

Judge Hurley recognized the distinction between felon registration which was the subject of the *Lambert* decision and ordinances which require occupational registration. Judge Hurley held local ordinances requiring registration on the basis of occupation were regulations of active business conduct and did not require proof of actual notice of the requirement to register. This court concurs in this holding. However, Judge Hurley also held that because the city grouped occupational registration and felon registration together in one list in Section 15-30.1, the more stringent *Lambert* felon notice requirements applied to the occupational registration. This court does not concur in this holding. The format of an ordinance should not determine substantive requirements of law. Although the ordinance is inartfully drafted, the mistake in grouping together felon registration with occupational registration should not be construed as evidence of the city's intent to place all registration requirements on the same legal footing. The felon registration requirements require the judicial gloss of actual notice mandated by *Lambert* but that notice should be limited to felon registration. Provisions in an ordinance can and should be reasonably interpreted so that different provisions operate independently, each in its own sphere. *State v. Putnam County Development Authority*, 249 So.2d 6 (Fla. 1971); *Vocelle v. Knight Brothers Paper Company*, 118 So.2d 664 (Fla. 1st DCA 1960).

In cases of occupational registration *Lambert* dictates that some form of notice must exist before a violation is constitutionally proper. That notice need not be actual notice — it may be constructive and such notice as is reasonable under the circumstances.

The order dismissing the charge is reversed and this cause remanded for trial.