358 So.2d 843 (1978)
Willie Jean FERRELL, Appellant,
v.
The STATE of Florida, Appellee.
No. 77-666.
District Court of Appeal of Florida, Third District.
May 2, 1978.
Rehearing Denied June 2, 1978.
*844 Bennett H. Brummer, Public Defender and Warren S. Schwartz, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen. and Joel D. Rosenblatt, Asst. Atty. Gen., for appellee.
Before PEARSON, HUBBART and KEHOE, JJ.
KEHOE, Judge.
Appellant was charged by an information and convicted for committing an aggravated battery and for the unlawful possession of a firearm while engaged in a criminal offense, i.e., the aggravated battery. Pursuant to the jury's verdict, the trial court entered its judgment of conviction and imposed the sentence which appellant now appeals.
In the trial court, appellant unsuccessfully moved to dismiss the information on the ground that it charged her with an aggravated battery, but neglected to include the essential elements of a battery. Appellant contends that such neglect resulted in the failure to charge her with a criminal offense under the laws of Florida. Appellant argues that, because of such failure, the trial court erred in not granting her motion to dismiss the information.
Our review of the record and the information compel us to agree with appellant's contention. Count II of the information reads as follows:
"And RICHARD E. GERSTEIN, State Attorney of the Eleventh Judicial Circuit of Florida, prosecuting for the State of Florida, in the County of Dade, under oath, further information makes that, WILLIE JEAN FERRELL on the 27th day of MAY, 1976, in the County and State aforesaid, did unlawfully commit an aggravated battery upon NEIL McLEOD and in commission of said aggravated battery, did use a deadly weapon, to-wit: A PISTOL, in violation of 784.045(1)(b) Florida Statutes, contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State of Florida."
Because the information failed to affirmatively allege the essential elements of an aggravated battery, i.e., by failing to include the essential elements of a battery, it was reversible error for the trial court to deny her motion to dismiss the information. See, State v. Beasley, 317 So.2d 750 (Fla. 1975); Gibbs v. Mayo, 81 So.2d 739 (Fla. 1955); Dowling v. State, 98 Fla. 523, 124 So. 12 (1929); Catanese v. State, 251 So.2d 572 (Fla. 4th DCA 1971); and Fla.R.Crim.P. 3.140(b) and 3.140(d)(1). We note that, in the instant case, the charge of the unlawful possession of a firearm while engaged in a criminal offense must stand or fall in conjunction with the aggravated battery charge. Because the latter fell, so must the former. Accordingly, the judgment of conviction and sentence appealed are reversed.
Reversed.