374 So.2d 1076 (1979)
Edward McClamrock, Sr., Appellant,
v.
STATE of Florida, Appellee.
No. 78-2101.
District Court of Appeal of Florida, Second District.
August 17, 1979.
Rehearing Denied September 12, 1979.
*1077 Don S. Cohn of Engel, Aronson, Fried & Cohn, Miami, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
STRICKLAND, J. TIM, Associate Judge.
This is an appeal from defendant's conviction for aggravated assault. The pivotal issue urged by the appellant is the trial court's failure to grant his motion to dismiss. The information in this case stated in its pertinent part that it was for aggravated assault under Section 784.021, Florida Statutes (1977), and that "Edward Ray McClamrock, late of the county and state aforesaid, on the 14th day of June in the year of our Lord one thousand and nine hundred and seventy-eight, in the county and state aforesaid, did unlawfully make an assault upon Erma Epple with a deadly weapon, not having an intent to kill."
Appellant moved the trial court for dismissal of this Information because it failed to allege all of the necessary elements of the offense charged, to wit: assault.
The case of Ferrell v. State, 358 So.2d 843 (Fla. 3d DCA 1978) is argued by the appellant to apply by analogy to this appeal. The trial court there ruled upon the same motion in a case involving aggravated battery. The Third District Court of Appeal, in an opinion by the Honorable Judge Kehoe, found that an Information which purported to charge defendant with aggravated battery but which neglected to include the essential elements of battery was defective.
The court has studied the Ferrell decision. The court there was confronted with an Information containing two counts, each related to the underlying crime of battery. The only distinction which may be significant is the fact that Section 784.03, Florida Statutes (1977), provides that battery may be committed in two different ways, whereas Section 784.011 gives a single definition of assault. Other than this distinction, we are unable to determine the rationale of the case as it relates to the requirements of due process.
In the present appeal, the court is satisfied that the Information contained sufficient allegations to properly place the appellant on notice of the charge, particularly where the elements of assault are defined in the statute. Relying upon Florida Statutes and the Rules of Criminal Procedure, the appellant could inform himself in more detail as the charge. Therefore, to the extent that our conclusion differs with Ferrell, this court respectfully declines to follow the rationale of that case.
The appellant also contends that the Information was vague and indefinite in that it did not state what type of deadly weapon was allegedly used. In support, he cited the cases of Catanese v. State, 251 So.2d 572 (Fla. 4th DCA 1971), and Battle v. State, 365 So.2d 1035 (Fla. 2d DCA 1979). These cases are distinguishable and, therefore, not of import to this case.
AFFIRMED.
GRIMES, C.J., and SCHEB, J., concur.