375 So.2d 40 (1979)
Samuel BARNES, Appellant,
v.
The STATE of Florida, Appellee.
No. 78-1520.
District Court of Appeal of Florida, Third District.
September 18, 1979.
*41 Bennett H. Brummer, Public Defender and Robert R. Schrank, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and James H. Greason, Asst. Atty. Gen., for appellee.
Before HENDRY, KEHOE and SCHWARTZ, JJ.
KEHOE, Judge.
Appellant, defendant below, was charged by an information with attempted robbery with a shotgun, aggravated battery, possession of a short-barreled shotgun, display of a firearm while committing a felony, and possession of a firearm by a convicted felon. After a jury trial, appellant was found guilty of assault, as a lesser included offense of attempted armed robbery, and guilty of all other counts as charged. Appellant was adjudicated guilty and sentenced on each of the counts. From his judgment of conviction and sentence, appellant appeals.
Appellant raises the following three points on appeal: (1) that the trial court erred in failing to declare a mistrial because the prosecutor in his opening statement asserted that he had exercised his right to remain silent after being advised of his Miranda rights; (2) that the trial court erred in not sustaining his objection and granting his motion to strike after the prosecutor in closing argument avowed his personal belief in the truthfulness of the state's key witness' trial testimony; and (3) that the trial court erred in adjudicating him guilty of aggravated battery because that count of the information failed to properly charge him with the offense.
In regard to appellant's first point on appeal, the record clearly reflects that the prosecutor in his opening statement asserted that the appellant had exercised his right to remain silent after being informed of his Miranda rights. It is well settled that in a jury trial in Florida any improper comment concerning defendants exercise of their right to remain silent constitutes reversible error without regard to the harmless error doctrine where the issue is preserved for appellate review, as was done here, through objection and motion for mistrial. See, e.g., Clark v. State, 363 So.2d 331 (Fla. 1978); Willinsky v. State, 360 So.2d 760 (Fla. 1978); Shannon v. State, 335 So.2d 5 (Fla. 1976); Bennett v. State, 316 So.2d 41 (Fla. 1975); and Gifford v. State, 355 So.2d 436 (Fla. 4th DCA 1978). In the light of this principle, it is our opinion that the prosecutor's comment in this case constituted reversible error.
In regard to appellant's third point on appeal, this court has had occasion to rule upon the validity of an identically worded charge in an information for aggravated battery. See §§ 784.045(1) and 784.03(1), Fla. Stat. 1977. In our opinion in the *42 instant case, as in Ferrell v. State, 358 So.2d 843 (Fla. 3d DCA 1978), the information failed to properly charge appellant with the crime of an aggravated battery. Accordingly, we must reverse appellant's conviction and sentence for aggravated battery, because of the inadequate allegations in the information, without prejudice to the state to file an amended information. See, e.g., State v. Dye, 346 So.2d 538 (Fla. 1977); State v. Beasley, 317 So.2d 750 (Fla. 1975); Gibbs v. Mayo, 81 So.2d 739 (Fla. 1955); and Ferrell v. State, 358 So.2d 843 (Fla. 3d DCA 1978).
Because of our determinations above, it is unnecessary for us to rule on appellant's second point on appeal; however, we feel certain that the prosecutor will carefully consider any comments which he might make in regard to his opinion of the veracity of his witnesses.
Reversed.