386 So.2d 624 (1980)
Lemar HASELDEN, Appellant,
v.
STATE of Florida, Appellee.
No. 79-1686.
District Court of Appeal of Florida, Fourth District.
August 13, 1980.
Richard L. Jorandby, Public Defender, and Anthony Calvello, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and John D. Cecilian, Asst. Atty. Gen., West Palm Beach, for appellee.
MOORE, Judge.
Appellant seeks reversal of convictions on three counts of aggravated battery and contends the court erred because the information failed to allege the essential elements of battery in each of the counts. He agrees that he did not raise this issue in the trial court but argues that the information was fatally defective because it did not state a crime under the laws of Florida. We disagree and affirm.
The information alleged in pertinent part that the appellant "did, unlawfully commit a battery upon (named person) and in commission of said battery did use a deadly weapon, to-wit: a 20 gauge shotgun, contrary to Florida Statute 784.045(1)(b)". Each of the other counts was in similar language, and each failed to allege the essential elements of a battery. This failure would ordinarily cause the information to be quashed if a timely objection is raised. Ferrell v. State, 358 So.2d 843 (Fla. 3rd DCA 1978).
The failure to timely raise a defect in an information constitutes a waiver of the defect unless the information wholly fails to charge a crime. State v. Taylor, 283 So.2d 882 (Fla. 4th DCA 1973); Tracey v. State, 130 So.2d 605 (Fla. 1961). The failure to allege one ingredient of an offense does not render an information invalid as wholly failing to state a crime. Id. at 611. Although the information here is defective, it does not wholly fail to state a crime, and *625 the appellant's failure to raise the defect in the trial court constituted a waiver of the defect.
We have considered appellant's contention that the evidence was insufficient to support the convictions and find it to be without merit.
AFFIRMED.
BERANEK and HURLEY, JJ., concur.