ANSTEAD, Judge,
specially concurring:
I agree that the trial court’s order of dismissal should be affirmed. This is an appeal by the state in a juvenile proceeding from an order which dismissed a petition seeking an adjudication of delinquency. The petition charged as follows:
[S.H.] on the 5th day of April, A.D. 1979, in the County and State aforesaid did unlawfully commit an assault upon Darlene Schultz with a deadly weapon, to-wit: a 1967 Cadillac automobile, without intent to kill, by ramming her automobile and forcing her off the road, contrary to F.S. 784.021.
The statute in question, Section 784.021, Florida Statutes (1979), defines aggravated assault. The appellee moved to dismiss the petition pursuant to Florida Rule of Juvenile Procedure 8.130(b)(2) as being too vague and failing to charge an offense. Specifically, the petition was urged to be *294 deficient in that it failed to allege an essential element of aggravated assault that the victim be in fear of imminent bodily injury. State v. White, 324 So.2d 630 (Fla.1976); and McClain v. State, 383 So.2d 1146 (Fla. 4th DCA 1980). The state urges it is not necessary that a juvenile petition contain all of the essential elements of the offense charged. The state concedes that fear on the part of the victim was a necessary element to this offense but maintains it was unnecessary to recite it in the petition.
All of the essential elements of the crime charged should be stated in the petition upon which an adjudication of delinquency is sought. See C.B.B. v. State, 315 So.2d 534 (Fla. 4th DCA 1975). This is true of any other charging document in a criminal case. State v. Dye, 346 So.2d 538 (Fla. 1977); Haselden v. State, 386 So.2d 624 (Fla. 4th DCA 1980); Radford v. State, 360 So.2d 1303 (Fla.2d DCA 1978); Ferrell v. State, 358 So.2d 843 (Fla.3d DCA 1978). But see McClamrock v. State, 374 So.2d 1076 (Fla.2d DCA 1979). I see no reason to approve a different standard for juvenile proceedings in which violations of the penal law are alleged.
The state cites subsection (d) of Rule 8.110 of the Rules of Juvenile Procedure which provides that no petition shall be dismissed due to a defect in form unless “the petition is so vague, indistinct, and indefinite as to mislead the child, his par-entis), or custodian(s) and prejudice him (them) in the preparation of his (their) defense.” However, this provision is virtually identical to Rule 3.140(o), Florida Rule of Criminal Procedure. This is not a case where the defendant is seeking to take advantage of a defect in the state’s pleadings without giving the state an opportunity to replead. In the instant case, the trial court gave the state the opportunity to amend the petition by adding an allegation as to fear on the part of the victim. The state refused to do so and I think the trial court was correct in then dismissing the petition.