SCHWARTZ, Judge.
The defendant Cox appeals from the denial of a Fla.R.Crim.P. 3.850 motion to vacate his conviction on the asserted ground of ineffective assistance of counsel. At Cox’s 1973 robbery trial in the Dade County Criminal Court of Record, his assistant public defender[1] did not object to extensive testimony by the investigating police officers that he remained silent when arrested and asked about his involvement in the offense.[2] Notwithstanding, this court reversed Cox’s conviction for a new trial in a delayed Baggett v. Wainwright, 229 So.2d 239 (Fla.1969) appeal[3] which was decided on March 21, 1978. Cox v. State, 361 So.2d 168 (Fla.3d DCA 1978). On this issue, the court stated:
The appellant contends that he was deprived of his constitutional right against self-incrimination when the State was permitted to elicit testimony at trial from the arresting officers concerning his silence while in custody. We agree and reverse on the authority of Bennett v. State, 316 So.2d 41 (Fla.1975) [4]
Rehearing was denied on May 5, 1978. On July 28, 1978, the supreme court, resolving a pervasive conflict which had existed among the district courts of appeal, held in Clark v. State, 363 So.2d 331 (Fla.1978) that, while any reference to post-arrest silence per se constitutes reversible error, a contemporaneous objection and motion for mistrial were absolutely required to preserve the issue for appellate review. Since *635 Cox’s attorney had not taken these steps, the supreme court held in State v. Cox, 372 So.2d 1114 (Fla.1979):
The decision of the District Court of Appeal, Third District, in Cox v. State, 361 So.2d 168 (Fla.3d DCA 1978), which is in direct conflict with our recent decision of Clark v. State, 363 So.2d 331 (Fla. 1978), is hereby quashed, and this cause is remanded for further proceedings consistent with our decision in Clark.
Accordingly, we entered an order on the supreme court mandate affirming the conviction. Cox v. State, 374 So.2d 1140 (Fla.3d DCA 1979). Cox then brought the present 3.850 motion claiming that the failure timely to make the pertinent objection at trial — which would have unquestionably secured a new trial if then requested— amounted to a breach of his sixth amendment right to the reasonably effective assistance of counsel. We agree with the trial court’s rejection of this position.
In our view, the undisputed circumstances of this case do not satisfy the requirement which is the underlying basis of any claim of ineffective assistance, that the attorney have been “guilty” of a
specific omission or overt act [which] was a substantial and serious deficiency measurably below that of competent counsel.
Knight v. State, 394 So.2d 997, 1001 (Fla. 1981). In making this determination, it is obvious that the actions in question must be gauged by the law prevailing at the time they occurred, Blatch v. State, 389 So.2d 669, 672-73 (Fla.3d DCA 1980), and that
counsel will [not] be judged ineffective by a standard based on hindsight. United States v. Fessel, 531 F.2d 1275 (5th Cir. 1976). Nor does this standard mean that counsel is to be judged ineffective by virtue of his failure to anticipate future developments in the law. Parker v. North Carolina, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970); Davis v. Wainwright, 547 F.2d 261 (5th Cir. 1977).
Meeks v. State, 382 So.2d 673, 675-76 (Fla. 1980). Accord, e.g., Knight v. State, supra, at 394 So.2d 1003; Nelson v. Estelle, 642 F.2d 903, 908 (5th Cir. 1981), and cases cited. We conclusively — and perhaps uniquely — know from our own reversal of the same judgment which is now sought to be vacated that this principle is directly applicable here. It was simply not necessary in 1973 to object to testimony concerning the defendant’s invocation of his Miranda rights to preserve the point for appellate purposes. In 1967, we had squarely so held in Jones v. State, 200 So.2d 574 (Fla.3d DCA 1967), and had rather consistently maintained that position[5] through and including Cox v. State itself. See also, e.g., Weiss v. State, 341 So.2d 528 (Fla.3d DCA 1977); Davis v. State, 342 So.2d 987 (Fla.3d DCA 1977), cert. denied, 353 So.2d 679 (Fla.1977); Smith v. State, 342 So.2d 990 (Fla.3d DCA 1977); but see, Mansfield v. State, 338 So.2d 857 (Fla.3d DCA 1976), cert. dismissed, 342 So.2d 1102 (Fla.1977). It was not until Clark was decided within weeks of Cox that it was revealed that the law of Florida was to the contrary of this position.[6] Surely *636 counsel cannot be held to a degree of insight and foresight greater than that of many judges of the court of appeal of the district in which he practices — however misguided they are only later revealed to have been.
Even beyond this, it might well be argued that at the time it was affirmatively in the client’s best interest that counsel actually refrain from objecting. Then, Bennett v. State, 316 So.2d 41 (Fla.1975), as now, Clark v. State, supra, at 363 So.2d 335; Barnes v. State, 375 So.2d 40 (Fla.3d DCA 1979), a reference to the right to silence was reversible without regard to whether it was otherwise harmful. Contra, Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); Doyle v. Ohio, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976). “Lying back” without objecting therefore gave the defendant two bites at the apple. If he were acquitted in the first trial, fine; if not, he would win (as Cox did) an “automatic” new trial on appeal. In fact, it was largely to eliminate this entirely one-sided gamble that Clark was decided as it was. See Clark v. State, supra, at 363 So.2d 335.[7] But, again, Clark was rendered five years after Cox’s trial and three months after he won his short-lived reversal. Before its appearance, the “no-objection” rule was so well-established in this district that the Dade County public defender’s office, of which trial counsel was a member, argued in Williams v. State, 366 So.2d 817, 819 (Fla.3d DCA 1979), cert. denied, 375 So.2d 912 (Fla.1979) that defense counsel so relied upon it and indeed had such a “vested interest” in its existence that Clark should not be retroactively applied. Under all these circumstances, it appears as a matter of law that counsel’s inaction at trial did not then[8] in any sense or in any manner render his representation of the defendant constitutionally ineffective.
*637 For this reason,[9] the order under review is
Affirmed.

. Of course, it no longer matters that his lawyer was assigned rather than retained. Cuyler v. Sullivan, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980); Vagner v. Wainwright, 398 So.2d 448 (Fla.1981).

. The actual testimony was as follows:
Q. [Assistant State Attorney]: What did you do next?
A. [Detective Albert LaVoie, Dade Co. Public Safety Department]: After I placed him under arrest I advised him of his constitutional rights. I have a card in my wallet and I read the card to him. He acknowledged each right and stated that he did not want to talk to me....

Q. Is this the man who was driving the automobile?
A. [Officer Ralph Hamilton, Dade Co. Public Safety Department]: Yes, sir.
Q. All right, what happened next?
A. He gave Officer LaVoie a Florida driver’s license and he asked Officer LaVoie if he was speeding and Officer LaVoie said ‘No, you were not speeding. You are a suspect in an armed robbery that occurred in Miami Springs a few minutes ago,’ and at this time the defendant did not say anything else.

. An earlier appeal from the sentences only resulted in the vacation of a five year sentence for possession of a firearm during the commission of the robbery. Cox v. State, 300 So.2d 64 (Fla.3d DCA 1974).

. The decision was a per curiam opinion of a two-judge majority consisting of Justice Boyd of the Florida Supreme Court and retired Judge Carroll, both sitting as Associate Judges. Judge Kehoe dissented “for the reasons set forth in ... Clark v. State, 336 So.2d 468 (Fla.2d DCA 1976).” 361 So.2d at 169.

. In those pre-en banc days, the exceptions were dependent upon the make-up of the respective panel which decided the particular case.

. The defendant argues here that Clark simply restated the contemporaneous objection requirement in accordance with an established principle which had been applied in Florida to similar situations at least since State v. Jones, 204 So.2d 515 (Fla.1967). Thus, it is said, counsel should be held to have known about it in 1973. While this approach may satisfy the classic Blackstonian view that courts merely explore, discover and then announce what the law is and always has been, see Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965), it is not in accordance with the realities which surrounded the issue before Clark was decided. State v. Jones involved only prosecutorial comment during final argument on the defendant’s failure to take the stand. On the other hand, our decision in Jones v. State concerned the present issue of testimonial reference and was cited with obvious approval by the supreme court in Bennett v. State, 316 So.2d 41, 42 (Fla.1975). The diverse conclusions which might be drawn from these judicial clues, see discussion in Clark v. State, 336 So.2d 468, 470-72 (Fla.2d DCA 1976), led to a large number of directly conflicting cases on the issue, most of them — including Cox — holding that no objection was required. See cases collected, Tsavaris v. Scruggs, 360 So.2d 745, 758-59 (Fla. 1977) (Adkins, J., dis *636 senting from denial of rehearing). The problematical nature of even the supreme court’s ultimate resolution of the question is evidenced by the facts that Justice Adkins, the author of Bennett, strongly and persuasively dissented in Clark, see 363 So.2d at 335-37, and that Justice Boyd, who concurred in the majority opinion, had shortly before agreed to the contrary position while sitting on this court in this very case. See n. 4, supra.

. Clark stated that, since a timely motion for mistrial must be granted — otherwise “harmless” error or not — counsel’s failure to make such a motion must be deemed to represent a tactical decision to continue with the present trial, presumably because it is going well, rather than take his chances with a new one. See also, State v. Cumbie, 380 So.2d 1031 (Fla.1980); Peterson v. State, 376 So.2d 1230, 1235, n.7 (Fla. 4th DCA 1979), cert. denied, 386 So.2d 642 (Fla.1980). The defendant, it was held, “will not be allowed to await the outcome of the trial with the expectation that, if he is found guilty, his conviction will be automatically reversed.” Clark, supra, at 363 So.2d 335.
It is the height of irony that this principle might well be undercut, in fact destroyed by just the medium employed in this case. If it appears in a post -Clark case that no motion for mistrial was made, not as a tactical decision, but (as Cox’s lawyer testified below) out of inadvertence, ignorance, or neglect, a subsequent conviction, while immune to challenge on direct appeal under Clark, is, just because of Clark, at least highly vulnerable to a Rule 3.850 motion based on ineffective assistance of counsel. In this scenario, the defendant would be given just the heads-I-win, tails-you-lose assurance of two trials Clark was decided in order to eliminate, solely because, in a kind of renvoi, counsel did not do what Clark said he must do in order to preclude precisely that from happening. (It is arguable that this process is even “worse” than reversal on direct appeal, since it would involve additional delay with its almost inevitable prejudice to the prosecution.) Thus, in another paradox, counsel’s supposed ineffectiveness would turn out to be supremely advantageous to the interests of his 'client. See the concerns in this regard well-expressed by Judge Ott in State v. Dukes, 388 So.2d 651 (Fla.2d DCA 1980) (specially concurring opinion) and Chief Judge Hubbart in Edwards v. State, 393 So.2d 597, 600 (Fla.3d DCA 1981) (dissenting opinion). (Indeed, that is one of the bases of our conclusion that Cox’s lawyer’s failure to object was good practice at the time — a conclusion which presents the ultimate irony: Cox loses because his lawyer was not ineffective; a post-Clark defendant might win because his lawyer is ineffective for doing the same thing.) We consider it fortunate that, because of the time frame involved in the present case, we may only adumbrate and need not decide these issues.

. And may not now. See note 7, supra.

. The trial judge based his ruling on the conclusion that the evidence against Cox at the trial was so overwhelming that the witnesses’ references to his post-arrest silence were “harmless error.” We agree with this characterization of the record. We have serious doubts, however, which we are not required to resolve here, as to whether it may support a determination of effectiveness in the light of the supreme court’s rejection of a “harmless error” approach to the question in favor of a prophylactic rule which requires an automatic mistrial or reversal whenever the issue is properly preserved. See text, supra, at p. 636. (We note that the lack of a requirement of prejudice exacerbates the possible mischief involved in a new trial required after a projected Rule 3.850 motion. Note 7, supra.) We leave for another day, however, the extremely difficult question raised by the interplay of these principles: whether, in the present context, the Knight requirement that “the deficient conduct affected the outcome of the court proceedings,” 394 So.2d at 1001, refers to the particular trial at which no mistrial motion was made, or to a final disposition of the case, that is, the one which — if “harmless error” is hypothesized — would necessarily have resulted in the same judgment of conviction after a new trial was conducted. Cf. Nero v. Blackburn, 597 F.2d 991 (5th Cir. 1979) (ineffectiveness established by failure to make mistrial motion which would have automatically required reversal because of inadmissible “other crimes” evidence found “prejudicial” to defendant in instant trial.)