BOOTH, Judge.
This cause is before us on appeal from a judgment and sentence entered upon a jury verdict, finding the appellant guilty of the crime of riot, inciting, or encouraging a riot in violation of Section 870.01, Florida Statutes (1981), and sentencing him to five years imprisonment.
We find no merit in appellant’s contention that the evidence was insufficient to support the conviction. The charge arose from a disturbance on May 11, 1983 at the Arthur G. Dozier. School for Boys due to dissatisfaction on the part of some students with their housing. The evidence shows students were very disruptive at the breakfast meal and, as a result, some nine students, including appellant, were sent to the basketball court, where they started breaking up pieces of the basketball court’s asphalt surface, and some of them, including appellant, threw pieces of the asphalt over the basketball court fence. At about 8:30 a.m., an alarm was activated, alerting the Dozier staff to come to the area of the disturbance. The appellant and Vernon Smith, who was charged with the same offenses as appellant, in a confrontation with the staff, stated that they were going to hit anyone who came into the area (the basketball court), that they wanted a housing change, and that they were going to get it regardless. There was testimony that the boys appeared to have the wherewithal to accomplish their threats. One employee testified:
[Y]es, sir, it was a frightful situation to be in because there wasn’t but [sic] three staff on the court and seven or eight boys out there throwing chunks of asphalt the size of saucers.... [I]t is pretty frightening when they’re whizzing by your head and missing you by inches.
Appellant and Smith were heard to make encouraging remarks to each other and to another boy who supplied and threw asphalt.
In State v. Beasley, 317 So.2d 750, 752 (Fla.1975), the constitutionality of Florida’s riot statute was at issue. The court determined that, in the absence of a statutory definition, the common law applied, and at common law, riot is defined as “a tumultuous disturbance of the peace by three or more persons, assembled and acting with a common intent, either in executing a lawful private enterprise in a violent and turbulent manner, to the terror of the people, or in executing an unlawful enterprise in a violent and turbulent manner.” Beasley further holds the offense of inciting to riot requires that the words spoken by the alleged offender or his actions must be such as “to support a finding that they were said or done with intent to provoke a riot,” and in view of all the circumstances, the language used by the alleged offender must tend to incite an immediate breach of the peace. State v. Beasley, 317 So.2d 750, 753 (Fla.1975).
We find that the trial court properly denied the appellant’s motion for judgment of acquittal since the State presented sufficient evidence that the appellant, with at least three other boys, acted in a violent manner, thereby causing a tumultuous disturbance of the peace in throwing pieces of asphalt toward vehicles and staff members. As to the charged offense of inciting or encouraging a riot, there was testimony that the appellant and Smith threatened to hit staff members and encouraged the other boys to join them in throwing pieces of asphalt. This encouragement to the other boys to join in a violent activity, directed *705 toward staff members and their vehicles, supports a finding that such encouragement was done with the intent to provoke a riot and, in view of all the circumstances, clearly tended to incite an immediate breach of the peace. Beasley, supra.
The appellant also argues that the trial court erred by failing to comply with the mandatory juvenile sentencing procedure in Section 39.111, Florida Statutes (1981). The appellant, 17 years old at the time of the proceedings below, was charged, tried, and sentenced as an adult. His attorney did not object to the trial court’s failure to proceed under Section 39.111(6). The State claims that, since the appellant’s attorney failed to contemporaneously object, the appellant may not raise the issue on appeal. The Florida Supreme Court, in its recent opinion in State v. Rhoden, 448 So.2d 1013 (Fla.1984), held contrarily to the State’s position. In Rhoden, the juvenile defendant was tried and sentenced as an adult. At sentencing, the trial judge did not follow the mandatory procedures set forth in Section 39.111(6). After the defendant’s sentence was imposed, his counsel did not object to the trial judge’s failure to comply with Section 39.111(6). The Supreme Court rejected the State’s argument that, since no objection has been made, the issue could not be raised for the first time on appeal, and held (Rhoden, supra at page 1016):
Further, with regard to the respondent’s failure to contemporaneously object to the trial judge’s failure to follow the statute in sentencing respondent, we agree with the reasoning of Judge Sharp in her dissent in Glenn v. State [411 So.2d 1367 (Fla. 5th DCA 1982) ]. Judge Sharp pointed out that it is difficult, if not impossible, for counsel to contemporaneously object to the absence of a written order at the sentencing hearing “since counsel at that stage does not know for sure what the written sentence may be, and a written order pursuant to section 39.111 may indeed be subsequently filed.” 411 So.2d at 1368. The contemporaneous objection rule, which the state seeks to apply here to prevent respondent from seeking review of his sentence, was fashioned primarily for use in trial proceedings. The rule is intended to give trial judges an opportunity to address objections made by counsel in trial proceedings and correct errors. See Simpson v. State, 418 So.2d 984 (Fla.1982), cert. denied, 459 U.S. 1156, 103 S.Ct. 801, 74 L.Ed.2d 1004 (1983); State v. Cumbie, 380 So.2d 1031 (Fla.1980); Clark v. State, 363 So.2d 331 (Fla.1978). The rule prohibits trial counsel from deliberately allowing known errors to go uncorrected as a defense tactic and as a hedge to provide a defendant with a second trial if the first trial decision is adverse to the defendant. The primary purpose of the contemporaneous objection rule is to ensure that objections are made when the recollections of witnesses are freshest and not years later in a subsequent trial or a post-conviction relief proceeding. The purpose for the contemporaneous objection rule is not present in the sentencing process because any error can be corrected by a simple remand to the sentencing judge. If the state’s argument is followed to its logical end, a defendant could be sentenced to a term of years greater than the legislature mandated and, if no objection was made at the time of sentencing, the defendant could not appeal the illegal sentence.
The Supreme Court in Rhoden held that “the provisions of section 39.111(6) must be followed by a trial judge in sentencing a juvenile as an adult, and the failure to do so requires a remand for resentencing.” Rhoden, supra at page 1017.
Accordingly, we affirm the judgment, and, although we recognize that the trial judge did not have the benefit of Rhoden, supra, we must reverse the sentence and remand the case for resentencing pursuant to Section 39.111(6) under the mandate of Rhoden.
Affirmed in part, reversed in part, and remanded.
SHIVERS and JOANOS, JJ., concur.