SCHEB, Acting Chief Judge.
Defendant was convicted and sentenced for two counts of inciting a riot. He raises two points on appeal, neither of which has any merit. However, we do wish to briefly address his first point on appeal.
Defendant was charged by two separate informations with inciting a riot. § 870.-01(2), Fla.Stat. (1983). The informations alleged the following:
LEON MACK on the 18th day of July, 1983 ... did incite or encourage a riot with intent to incite the persons assembled to an immediate break of the peace, to wit: by yelling obscenities and encouraging them to interfere with and oppose police officers, in the lawful execution of a legal duty.
* * * * * *
LEON MACK on the 17th day of August, 1983 ... did incite or encourage a riot with intent to incite the persons assembled to an immediate break of the peace, to wit: by yelling to the crowd and encouraging them to interfere with and oppose police officers in the lawful execution of a legal duty.
Defendant filed a motion to dismiss both charges, which the trial court denied.
Defendant argues on appeal that the trial court should have granted his motion to dismiss, because the informations failed to allege that there was “a clear and present danger” of a riot occurring, as required by State v. Beasley, 317 So.2d 750 (Fla.1975). We reject his contention.
The information filed by the state in Beasley merely stated that the defendant “did incite or encourage a riot, in violation of 870.01(2), Florida Statutes.” The supreme court held that the information was inadequate, because it did not “establish circumstances justifying a clear and present danger of a riot.” Id. at 753. The informations before us are much more detailed than the information in Beasley. We think the allegations of these informations allege facts and circumstances which justify a clear and present danger of riots. Accordingly, we hold that they sufficiently allege the offense of inciting a riot as proscribed by section 870.01(2).
Defendant’s judgments and sentences are affirmed.
CAMPBELL and LEHAN, JJ., concur.