340 So.2d 930 (1976)
Donnie Elight SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 75-1204.
District Court of Appeal of Florida, Fourth District.
November 19, 1976.
Richard L. Jorandby, Public Defender, and Craig S. Barnard, Asst. Public Defender, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Ira N. Loewy, Asst. Atty. Gen.; Miami, for appellee.
PER CURIAM.
Appellant-defendant, Donnie Elight Smith, appeals a judgment of guilty and imposition of sentence for the offense of manslaughter. We reverse.
*931 Smith was charged by information with murder in the second degree. Trial by jury was waived. The trial court adjudged Smith guilty of manslaughter. Judgment of guilty was entered and sentence imposed. This appeal followed.
The primary question for our determination is whether the trial court erred in permitting the state prosecutor, over objection, to seek to impeach a defendant's exculpatory statement, made for the first time at trial, by cross-examining the defendant about his post-arrest silence after Miranda warnings had been given.
This identical question has been answered in the affirmative by the United States Supreme Court in the recent decision of Doyle v. Ohio, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976). It was there determined that the use of a defendant's post-arrest silence to impeach his exculpatory statement made at trial violated the due process clause of the fourteenth amendment. We adopt this view, and determine that the trial court in the instant case erred in permitting the state prosecutor to cross-examine the defendant at trial about defendant's post-arrest silence.
Accordingly, the judgment and sentence appealed is reversed, and the cause is remanded for new trial.
Reversed and remanded.
MAGER, C.J.,[1] CROSS, J., and CALHOUN, JAMES P., Associate Judge, concur.
NOTES
[1] See McGough v. State, 293 So.2d 147 (Fla.2d DCA 1974).