ANSTEAD, Judge.
The appellant, Lewis C. Gifford, was convicted of sexual battery and breaking and entering with the intent to commit a felony. He claims that the state improperly commented on his right to remain silent after his arrest and that the trial court erred in refusing to instruct the jury on the lesser included offense of trespass. We agree and reverse.
Gifford testified in his own defense that he was invited by the victim to her residence, where she engaged in voluntary sexual intercourse with him. It was also shown that he had given a similar statement to the police several days after he was arrested. On cross-examination the defendant was asked several times why he didn’t give the police a statement to that effect when he was arrested. When this question was first asked, the trial court sustained a defense objection. Despite this the prosecution again elicited the fact that Gifford had made no statement when he was first arrested. Upon objection the prosecutor argued to the trial court:
So, that opens up my questions, Your Honor, about whether he made any statement when he was arrested, which he did not. He made it three days later after he was identified.
By his argument the prosecutor conceded that he knew the appellant had made no statement at the time of his arrest. Notwithstanding this the prosecutor proceeded to elicit that fact from the appellant repeatedly. This constituted an improper comment on the appellant’s right to remain silent. Doyle v. Ohio, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976); Smith v. State, 340 So.2d 930 (Fla. 4th DCA 1976). It makes no difference that the appellant was shown to have later given a statement. Williams v. State, 335 So.2d 854 (Fla. 4th DCA 1976). And the Florida Supreme Court has held that such error requires reversal without regard to the harmless error doctrine. Bennett v. State, 316 So.2d 41 (Fla.1975).
*437 We also agree that the appellant was entitled, pursuant to his request, to have the jury instructed on the offense of trespass, as a lesser included offense of breaking and entering. Dowis v. State, 326 So.2d 196 (Fla. 4th DCA 1976).
The judgment of the trial court is hereby reversed with directions that a new trial be granted in accordance with this opinion.
SCHWARTZ, ALAN R., Associate Judge, concurs.
DOWNEY, J., concurs specially, with opinion.