384 So.2d 683 (1980)
Patrick J. ROBAN and Edward S. Davis, Appellants,
v.
STATE of Florida, Appellee.
John DeMARCO, Appellant,
v.
State of Florida, Appellee.
Daniel SESSANNA and Alan Sheets, Appellants,
v.
STATE of Florida, Appellee.
Nos. 78-820 to 78-822.
District Court of Appeal of Florida, Fourth District.
May 21, 1980.
Rehearings Denied July 2, 1980.
*684 Philip G. Butler, Jr. of Foley, Colton & Butler, P.A., West Palm Beach, for appellants.
Jim Smith, Atty. Gen., Tallahassee, and Glenn H. Mitchell, Asst. Atty., Gen., West Palm Beach, for appellee.
DOWNEY, Judge.
Appellants were charged with possession of marijuana in excess of 100 pounds and, after trial by jury, they were found guilty as charged.
Prior to trial all of the appellants moved to suppress the contraband involved on the grounds that their arrest and the search and seizure which followed their arrest were invalid. The trial court denied the motions to suppress, and the case proceeded to trial.
During the course of the trial the contraband was received into evidence against the various defendants over their objection. The specific nature of the objections was that the State had failed to prove: (a) any single individual defendant had constructive possession of the contraband with the knowledge of its illegal character, and (b) the chain of custody.
Also during the trial the prosecutor was interrogating a deputy sheriff who had arrested appellant Roban. The deputy described how he had apprehended Roban and brought him to the deputy's patrol car where he read Roban his Constitutional rights. The prosecutor then asked, "Now, after you advised him of his rights, what did you do?" The deputy answered, "I asked him if he wanted to say anything, and he said no." Four questions later appellant's counsel requested that the jury be excused. He then made a motion for a mistrial, which the court ultimately denied.
The two contentions presented on appeal are:
1) the trial court erred in denying appellants' motion to suppress;
2) the trial court erred in denying appellant Roban's motion for mistrial.
In our opinion the first point has not been preserved for review. The grounds of the objection made when the contraband was offered into evidence at the trial were not the same as those relied upon during the motion to suppress. That constitutes a waiver of those grounds relied upon during the suppression hearing. As the *685 court said in Jones v. State, 360 So.2d 1293 (Fla. 3d DCA 1978):
We note initially that although the defense moved to suppress this evidence prior to trial, no specific objection was raised at trial to the admissibility of either the toxicological test results or the testimony as to the cause of death. Failure to renew an objection at trial contemporaneously with admission of the contested evidence constitutes a waiver of the right to appellate review of an alleged error, even though issues of constitutional dimension are claimed to exist. 360 So.2d at 1296.
See also: Kiddy v. State, 378 So.2d 1332 (Fla. 4th DCA 1980).
Appellants' second point has merit. If a state witness makes any comment upon a defendant's exercise of his right to remain silent and the trial court (upon timely motion by defense counsel) does not grant a mistrial, the court commits an error of constitutional dimension that is reversible without consideration of the doctrine of harmless error. Bennett v. State, 316 So.2d 41 (Fla. 1975); Shannon v. State, 335 So.2d 5 (Fla. 1976); Dozier v. State, 361 So.2d 727 (Fla. 4th DCA 1978).
The State contends that appellant Roban failed to make a contemporaneous objection to the question and thus under Clark v. State, 363 So.2d 331 (Fla. 1978), the point is waived. We reject that contention because the question asked was proper and gave no notice of the unsolicited answer. The answer contained the offensive comment. Appellant's motion for mistrial was not made until after three more questions were asked; however, we feel that is within the time frame for a contemporaneous objection.
The State further contends that the trial court properly denied the motion for mistrial because the witness's volunteered testimony did not constitute a remark concerning the defendant's right to remain silent. The State bases this contention on the fact that after the witness testified he had advised Roban of his constitutional rights and received a negative answer to the question whether Roban wanted to say anything, the State introduced into evidence an oral inculpatory statement of Roban. Thus, the State argues, the witness's comment could not be construed to be a comment on Roban's right to remain silent because he did not remain silent.
While conceding the logic of the State's argument, we are required by the strictures of stare decisis to reject it. See Clark v. State, 363 So.2d 331 (Fla. 1978); Breniser v. State, 267 So.2d 23 (Fla. 4th DCA 1972); Gifford v. State, 355 So.2d 436 (Fla. 4th DCA 1978). But see United States v. Martinez, 577 F.2d 960 (5th Cir.1978), cert. denied 439 U.S. 914, 99 S.Ct. 288, 58 L.Ed.2d 262.
Accordingly, we affirm the judgment and sentence as to all appellants except appellant Roban. We reverse the judgment and sentence as to him and remand his case for a new trial.
AFFIRMED IN PART; REVERSED IN PART with directions.
LETTS, C.J., and ANSTEAD, J., concur.