SCHWARTZ, Chief Judge.
The sole point on this appeal from a grand theft conviction claims that the trial court should have mistried the case on the ground that the investigating police officer impermissibly referred to the defendants invocation of his right to silence in the following colloquy during cross-examination by defense counsel:
Q He was very cooperative with you and denied stealing the lady’s jewelry, isn’t that so?
A He did deny taking the jewelry.
I asked him if he [would] come down to the police station and talk to me. He said he didn’t have anything to say.
I don’t know if that’s cooperative.
We conclude that the answer was directly responsive to counsel’s inquiry so that the purported error must be treated as one invited by the defendant about which he therefore may not complain. Castle v. State, 305 So.2d 794 (Fla. 4th DCA 1974), cert. denied, 317 So.2d 766 (Fla.1975); see Jackson v. State, 359 So.2d 1190 (Fla.1978), cert. denied, 439 U.S. 1102, 99 S.Ct. 881, 59 L.Ed.2d 63 (1979); Tacoronte v. State, 419 So.2d 789 (Fla. 3d DCA 1982).
Affirmed.