605 So.2d 146 (1992)
Derrick SHARP, Appellant,
v.
STATE of Florida, Appellee.
No. 91-2941.
District Court of Appeal of Florida, First District.
September 2, 1992.
Rehearing Denied October 23, 1992.
*147 Nancy A. Daniels, Public Defender, and Carl S. McGinnes, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Andrea D. England, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Chief Judge.
Derrick Sharp has appealed from his conviction of carrying a concealed firearm and driving with a suspended license. He argues that the trial court erred in denying his motion for mistrial, following solicitation by the prosecution of an alleged comment on Sharp's exercise of his right to remain silent. We agree, and reverse and remand for a new trial on the charge of carrying a concealed firearm.
Police officers stopped Sharp for a traffic violation, and discovered that he was driving with a suspended license. The officers testified that, as Sharp got out of the car, he reached under his seat as though pushing something back. They ordered Sharp away from the car, and found a gun under the seat. After the discovery of the gun, the police read Sharp his rights pursuant to Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Sharp denied any knowledge of the gun, but it appears from the record that he did so before receiving Miranda warnings.
Sharp was charged with carrying a concealed weapon and driving with a suspended license, and tried by jury. During opening argument, defense counsel told the jury that Sharp would testify that a friend had used the car prior to the traffic stop. The prosecutor thereafter asked the arresting officer, "Did [Sharp] indicate that he had at any time that day loaned his car to anybody?" The officer responded, "No, he did not." Defense counsel did not immediately object to this exchange, and direct examination concluded after several further questions.
Prior to cross-examining the officer, defense counsel requested and received an opportunity to voir dire him concerning the juxtaposition, at the time of arrest, of Miranda warnings and Sharp's denial of any knowledge of the gun. The testimony on voir dire seemed to indicate that Sharp's statement occurred before Miranda warnings were given. Only then did the defense object to the state's question and answer on direct, quoted above, in that they constituted an impermissible comment on Sharp's exercise of the right to remain silent. The state opposed the motion, citing Sharp's intent to testify at trial and his willingness to answer questions at the time of his arrest. The court denied the motion, and trial proceeded.
The state rested after presenting the eyewitness testimony of two officers to the effect that Sharp appeared to conceal something under his seat, and that a gun was later found there. The trial court denied a defense motion for judgment of acquittal on the ground that the state had failed to prove Sharp's knowledge of the gun. Sharp then testified on his own behalf, conceding that he had been driving with a suspended license, but denying any knowledge of the gun. The case went to the jury, and Sharp was found guilty as charged.
Before proceeding to the merits of Sharp's argument, we address the state's primary contention on appeal, that the appellant did not preserve the alleged error for review in that his counsel failed to object at the instant of the complained-of question and answer. As noted above, before defense counsel objected to the above-quoted exchange and moved for a mistrial, the state had completed its direct examination, and the defense conducted a voir dire of the witness.
*148 An objection need not always be made at the moment an examination enters impermissible areas of inquiry. An objection made during an impermissible line of questioning is sufficiently timely if it allows the court, had it sustained the objection, to instruct the jury to disregard the testimony or to consider a motion for mistrial. Jackson v. State, 451 So.2d 458, 461 (Fla. 1984), cert. denied on other grounds, 488 U.S. 871, 109 S.Ct. 183, 102 L.Ed.2d 153 (1988), citing Roban v. State, 384 So.2d 683 (Fla.4th DCA), rev. denied, 392 So.2d 1378 (Fla. 1980).
In Roban, a motion for mistrial based on a comment on the right to remain silent was not made until three more questions had been asked and answered. The Roban court found that this was within the time frame for a contemporaneous objection. Roban at 685. See also Johnston v. State, 497 So.2d 863, 869 (Fla. 1986) (an objection and motion for mistrial occurring after four additional questions had been asked and answered complied with the contemporaneous objection rule). Based on the foregoing authority, we find that the objection and motion for mistrial herein were sufficient to preserve for review the issue now raised by the appellant, and reject the state's argument to the contrary.
Turning to the merits of the appeal, courts must prohibit all evidence or argument that is "fairly susceptible" of being interpreted by the jury as a comment on the right of silence. State v. Smith, 573 So.2d 306, 317 (Fla. 1990). The state posits that the question and answer complained of herein did not constitute a comment on Sharp's right to remain silent, in that he had waived that right by 1) testifying at trial, and/or 2) by denying any knowledge of the gun at the time of his arrest. See Ivey v. State, 586 So.2d 1230 (Fla.1st DCA 1991) (if a defendant does not remain silent at arrest, the constitutional right to remain silent has not been exercised, and no fundamental error occurs when the state points out inconsistencies in exculpatory statements at trial).
We reject the state's waiver arguments. As for Sharp's decision to testify at trial, it is completely separate from and unrelated to any decision to remain silent at the time of arrest. See, e.g., Doyle v. Ohio, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91, (1976) (it is a violation of due process to use a defendant's silence at arrest to impeach an explanation offered at trial). With regard to the state's Ivey argument, we note the emphasis placed by the court in that case on the circumstance that the defendant gave officers a "rather complete" statement concerning the alleged crime after she had been given her Miranda warnings. Ivey at 1234.
In our case, although it is not clear from the record, it appears that Sharp's brief denial of knowledge of the gun occurred before he was given Miranda warnings. Further, the denial could hardly be classified as a "rather complete" statement concerning the alleged crime. For these reasons, we find that Sharp did not waive his right to remain silent at the time of arrest.
As noted above, all evidence or argument that is "fairly susceptible" of being interpreted by the jury as a comment on the right of silence is impermissible. State v. Smith, 573 So.2d 306, 317 (Fla. 1990). Under this "very liberal" rule for determining whether a comment constitutes a comment on silence, State v. DiGuilio, 491 So.2d 1129, 1135 (Fla. 1986), we find that the question and answer complained of herein constitute an impermissible comment on Sharp's post-arrest silence.
Such comments are "high risk errors," based on the substantial likelihood that meaningful comments will vitiate the right to a fair trial by influencing the jury verdict. DiGuilio at 1136-37. However, such errors are not per se reversible, but rather are subject to a "rigorous" harmless error test, i.e., the state, as beneficiary of the error, must prove beyond a reasonable doubt that the error complained of did not contribute to the verdict or, alternatively stated, that there is no reasonable possibility that the error contributed to the conviction. DiGuilio at 1135. The state herein argues that any error was harmless, given the strength of the case against Sharp *149 aside from the improper comment. We disagree, and find that the state has not met the "rigorous" test for harmless error described above.
The permissible evidence against Sharp was not clearly conclusive, as it consisted solely of eyewitness testimony that Sharp reached beneath his car seat as though to move something. Sharp was not seen to touch the gun, nor was there testimony that his fingerprints were found on it, although the officers testified that the gun was processed for fingerprints. There are any number of reasons why he could have moved in the manner observed by the officers, but the impermissible evidence put before the jury the fact that Sharp declined at arrest to offer any plausible explanation for the presence of a gun in the location where he was seen to reach. Under those circumstances and on this record, we conclude that the error complained of was not harmless and constituted reversible error.
However, this finding relates only to Sharp's conviction of carrying a concealed weapon. One of the circumstances in which an impermissible comment on the right to remain silent can be found harmless is when "the accused [takes] the stand and confesse[s] guilt." In such a case, it can be said beyond a reasonable doubt that the officer's comment on post-arrest silence did not affect the jury's verdict. DiGuilio at 1137. Here, Sharp conceded several times during his trial testimony that, at the time of the traffic stop preceding his arrest, he had been driving with a suspended license. Therefore, it can be said beyond a reasonable doubt that the officer's impermissible comment did not affect the jury's verdict of guilt as to driving with a suspended license, and nothing in this opinion shall affect the validity of that conviction.
Based on the foregoing, the conviction for carrying a concealed weapon is reversed, and the case remanded for a new trial on that charge only.
ALLEN and WOLF, JJ., concur.