711 So.2d 230 (1998)
Gary ANDERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 97-0944.
District Court of Appeal of Florida, Fourth District.
May 27, 1998.
*231 Richard L. Jorandby, Public Defender, and Karen E. Ehrlich, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Douglas Gurnic, Assistant Attorney General, West Palm Beach, for appellee.
OWEN, WILLIAM C., Jr., Senior Judge.
Gary Anderson appeals his conviction of trafficking in cocaine, claiming the trial court (1) abused its discretion in allowing the state to strike a prospective African-American juror, and (2) erred in denying his motion for a mistrial after a state's witness commented on appellant's exercise of his right to remain silent. We affirm.

I. PEREMPTORY CHALLENGE
During jury selection, the prosecutor exercised a peremptory challenge on an African-American juror, Mr. Wells. Defendant objected to the state's striking of Mr. Wells as being racially motivated, pointing out that Mr. Wells was the only African-American juror until juror number 17 and that it was unlikely that juror number 17 would be reached. The prosecutor, asked by the court to give a race-neutral reason for striking Mr. Wells, responded that on voir dire Mr. Wells had stated that the police in Broward County had arrested and falsely accused his stepson of a crime. Although Mr. Wells also stated that the incident would not affect his ability to be a fair and impartial juror if selected, the court felt satisfied with the prosecutor's explanation and sustained the strike.
In Melbourne v. State, 679 So.2d 759 (Fla.1996) the court set out the guidelines which trial courts should follow when a party objects on racial grounds to an opponent's use of a peremptory challenge. In that case the court, after setting out the guidelines, stated:
Voir dire proceedings are extraordinarily rich in diversity and no rigid set of rules will work in every case. Accordingly, reviewing courts should keep in mind two principles when enforcing the ... guidelines. First, peremptories are presumed to be exercised in a nondiscriminatory manner. Second, the trial court's decision turns primarily on an assessment of credibility and will be affirmed on appeal unless clearly erroneous. The right to an impartial jury guaranteed by article I, section 16, is best safeguarded not by an arcane maze of reversible error traps, but by reason and common sense.
Melbourne, 679 So.2d at 764-5 (emphasis supplied) (footnotes omitted). The trial court is vested with broad discretion in determining whether a peremptory challenge is racially motivated. See Franqui v. State, 699 So.2d 1332 (Fla.1997), cert. denied, State v. Franqui, ___ U.S. ___, 118 S.Ct. 1337, 140 L.Ed.2d 499 (1998); Reed v. State, 560 So.2d 203, 206 (Fla.1990). The standard of review for determining whether there is a likelihood of racial discrimination in the use of a peremptory challenge is the abuse of discretion standard. See Files v. State, 613 So.2d 1301, 1305 (Fla.1993). We find that the trial court precisely followed the guidelines and that there was no abuse of discretion in the court's acceptance of the state's explanation for its use of the peremptory strike.

*232 II. COMMENT ON RIGHT TO REMAIN SILENT
Appellant flew into the Fort Lauderdale airport with 510 grams of cocaine in the soles of his shoes. While he was going through customs a narcotics sniff dog alerted authorities to appellant. A search of his person revealed the cocaine. Appellant was arrested and advised of his rights by Inspector Tallent who was called as a witness for the state. On direct examination Inspector Tallent was asked whether he was involved in taking any statement from the appellant. Inspector Tallent responded that he read appellant his rights and "I believe he didn't waive his rights, but he was very cooperative." Appellant's motion for mistrial on the ground that the witness had commented on appellant's right to remain silent was denied. On cross examination appellant's counsel asked the witness virtually the same question, to which Mr. Tallent responded "I don't believe so. I believeI believe he didn't want to waive his rights, and I believe that's when I stopped, but the entire episode, he was very cooperative."
Florida has "adopted a very liberal rule for determining whether a comment constitutes a comment on silence: any comment which is `fairly susceptible' of being interpreted as a comment on silence will be treated as such." State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986). The quoted comments of the witness, made both on direct examination and on cross examination,[1] are fairly susceptible of being interpreted as a comment on silence. See, e.g., Smith v. State, 681 So.2d 894 (Fla. 4th DCA 1996); Freeman v. State, 538 So.2d 936 (Fla. 2d DCA 1989); Knight v. State, 374 So.2d 1065 (Fla. 3d DCA 1979). But, the "fairly susceptible" test is not a bright line test. Instead, "[c]omments on silence are lumped together in an amorphous mass where no distinction is drawn between the direct or the indirect, the advertent from the inadvertent, the emphasized from the casual, the clear from the ambiguous, and, most importantly, the harmful from the harmless." DiGuilio at 1136. Denial of appellant's motion for mistrial based on testimonial comment on the defendant's silence must be evaluated under the harmless error doctrine. See DiGuilio; State v. Marshall, 476 So.2d 150 (Fla.1985); Freeman v. State, 538 So.2d 936 (Fla. 2d DCA 1989).
The combination of the fairly susceptible test and the harmless error rule is a happy union. It preserves the accused's constitutional right to a fair trial by requiring the state to show beyond a reasonable doubt that the specific comment(s) did not contribute to the verdict. At the same time, it preserves the public and state interest in finality of verdicts which are free of any harmful error. See DiGuilio at 1136. The burden is on the state to show beyond a reasonable doubt that there is no reasonable possibility that the error complained of contributed to the conviction. See DiGuilio. This requires an examination of the record by the appellate court including a close examination of the permissible evidence on which the jury could have legitimately relied and an examination of the impermissible evidence which might have possibly influenced the jury verdict. See id.
Our examination of the record satisfies us that there was (1) overwhelming evidence of appellant's guilt, and (2) no reasonable possibility that Inspector Tallent's testimonial comments regarding the appellant's right to silence contributed to the jury's finding of guilty. Officer Brett testified that his dog alerted him to appellant at the airport when the dog put his nose right on appellant's shoe and sat down, a trained response to the presence of narcotics. Inspector Tallent testified that he noticed unusual odors coming from appellant's shoes, probed the shoes with a knife, and found on the tip of the knife a white powder substance which field tested positive for cocaine. Detective Damiano testified that he spoke to appellant who told him that two days earlier he (appellant) had gone to a temporary employment agency looking for work, had met two men whom he described *233 as Jamaican, and they arranged for him to make a trip to Jamaica, pick up cocaine, and bring it back to the United States for which he would be paid $1,000. Police chemist Hilliard testified that the amount of cocaine carried in appellant's shoes was 510.3 grams. There was some conflict between the witnesses' trial testimony and their prior deposition testimony concerning whether appellant had admitted knowing he was going to Jamaica for drugs or specifically for cocaine. Appellant's defense against this otherwise overwhelming evidence was that the state failed to prove he knew the contraband he was carrying was cocaine. The jury deliberated for ten minutes, requested a reading of the instruction on possession and knowledge, and after again retiring returned with a verdict in another seven minutes. We think it clear that the improper comment on appellant's silence reasonably could not have affected the jury's consideration of its verdict. See, e.g., Thornton v. State, 497 So.2d 906 (Fla. 4th DCA 1986).
The judgment is AFFIRMED.
DELL and GROSS, JJ., concur.
NOTES
[1] Had the witness' comment on appellant's silence occurred only as a responsive answer to defense counsel's inquiry, appellant would be precluded from raising the issue on appeal. See Jennings v. State, 457 So.2d 587 (Fla. 3d DCA 1984); Castle v. State, 305 So.2d 794 (Fla. 4th DCA 1974).