734 So.2d 483 (1999)
Carl SHINGLEDECKER, Appellant,
v.
STATE of Florida, Appellee.
No. 98-1471.
District Court of Appeal of Florida, Fourth District.
May 12, 1999.
Richard L. Jorandby, Public Defender, and Marcy K. Allen, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Elaine L. Thompson, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Carl Shingledecker was convicted of driving under the influence and driving while his license was suspended. He raises two points on appeal, but only one merits discussion.
During the trial, the state requested permission to publish a video tape for the jury that included conversations appellant had with the officers while at the scene. Appellant's counsel stated, "No objection, Your Honor." After the video tape was played, defense counsel objected to its publication on grounds that the tape contained a comment on appellant's right to remain silent because it depicted his request for an attorney and that its admission constituted fundamental error.
Appellant's statement on the video tape amounted to a comment on his right to remain silent. See Jackson v. State, 522 So.2d 802, 807 (Fla.), cert. denied, 488 U.S. 871, 109 S.Ct. 183, 102 L.Ed.2d 153 (1988). However, we hold that the admission of the tape, when *484 viewed in the light of the evidence presented at trial, constituted harmless error beyond a reasonable doubt. See State v. DiGuilio, 491 So.2d 1129, 1139 (Fla.1986). Furthermore, defense counsel invited the error by stating that appellant had no objection to the publication of the video tape to the jury. A party may not invite error at trial and then be heard to complain of that error on appeal. See Norton v. State, 709 So.2d 87, 94 (Fla.1997); Terry v. State, 668 So.2d 954, 962 (Fla.1996); Czubak v. State, 570 So.2d 925, 928 (Fla. 1990). Accordingly, we affirm appellant's convictions.
AFFIRMED.
DELL, SHAHOOD and GROSS, JJ., concur.