777 So.2d 1127 (2001)
Courtney JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-3654.
District Court of Appeal of Florida, Fourth District.
January 31, 2001.
*1128 Lynn G. Waxman of Lynn G. Waxman, P.A., West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.
HAZOURI, J.
Courtney Jones appeals from his conviction for first degree murder. He asserts three points on appeal. One, the trial court erred in failing to suppress an out-of-court identification, and in allowing the subsequent in-court identification when the identification was unnaturally suggestive and unreliable. Two, the trial court erred in denying a motion to suppress evidence seized in execution of a search warrant because there was a lack of probable cause in the affidavit supporting the search warrant. Three, the trial court erred in failing to grant a mistrial when a detective, during direct examination, made an improper comment on Jones's right to remain silent. We find no error in points one and two but reverse and remand for a new trial on point three.
The crime of first degree murder for which Jones was convicted occurred on August 18, 1998. A witness, who had met Jones previously, saw Jones ride up on his bicycle, shoot the victim in the back and then ride away. Upon obtaining a warrant to search Jones's room in his grandmother's house, the police found the murder weapon in his dresser drawer.
Several months before his arrest, Jones contacted a law firm which informed the West Palm Beach Police Department that it was representing him. The police were informed that Jones was invoking his right to remain silent and to assistance of counsel. The law firm later informed the police that it was no longer representing Jones. Jones was arrested on December 29, 1998.
Detective Ronald Ghianda arrested Jones and advised him of his Miranda *1129 rights.[1] Jones signed a card indicating he waived his Miranda rights and agreed to speak with Detective Ghianda. Jones maintained his innocence throughout the interrogation.
At the trial, Detective Ghianda testified as follows:
Q. After you had read that to the Defendant, he waived and he agreed to speak with you?
A. Yes, he did.
. . .
Q. Did you advise him as to why he was in custody when you first talked to him?
A. That was one of my first questions. I advised did he know why he was in custody.
Q. What was his response?
A. He was being accused, as he put it, of doing some shit that he didn't do.
Q. How did you proceed in talking to him?
A. I advised we had been looking for him for several months, his picture was in the paper, his name was in the news and if he knew he was wanted, why didn't he turn himself in.
Q. Did he have any comment to that when you said that?
A. He said he didn't do anything, he was innocent, he didn't feel it necessary to turn himself in.
Q. What did you say in response?
A. I said if you were so innocent why would you obtain an attorney back in September.
Defense counsel objected to the last question and answer as an improper comment on the defendant's right to counsel and the defendant's right to remain silent and moved for a mistrial. The trial court sustained the objection and gave a curative instruction but denied the motion for a mistrial.
Generally, a trial court's ruling on a motion for mistrial is subject to an abuse of discretion standard of review. Goodwin v. State, 751 So.2d 537, 546 (Fla. 1999). However, this court has held that "[d]enial of appellant's motion for mistrial based on testimonial comment on the defendant's silence must be evaluated under the harmless error doctrine." Anderson v. State, 711 So.2d 230, 232 (Fla. 4th DCA 1998). "The burden is on the state to show beyond a reasonable doubt that there is no reasonable possibility that the error complained of contributed to the conviction." Id. (citing DiGuilio v. State, 491 So.2d 1129 (Fla.1986)).
First, we observe that what Detective Ghianda's response would be is totally irrelevant and second, but more importantly, it is highly prejudicial as it clearly suggests that Jones must be guilty because he hired a lawyer before his arrest. It is also an improper comment on Jones's right to remain silent and his right to counsel. See Shingledecker v. State, 734 So.2d 483 (Fla. 4th DCA 1999) (This court held that a defendant's statement requesting an attorney amounts to a comment on a defendant's right to remain silent.).
At the time of the objection, the attorneys were called to the bench for a side bar conference. The record fails to reveal how long this side bar conference took but when it became obvious that it would involve more than a brief discussion, the trial court sent the jury out for a coffee break which began at 3:34 PM. The jury returned at 4:01 PM. The time between the prejudicial comment and the curative instruction was at least 27 minutes, not counting the time for the side bar conference. After the return of the jury, defense counsel again requested a mistrial. The curative instruction given by the trial court was as follows: "Ladies and Gentlemen: You are to disregard that last statement, the statement by Detective Ghianda and that is not to be a part of your deliberations."
*1130 Judge Farmer, writing for this court in Barnes v. State, 743 So.2d 1105, 1107 (Fla. 4th DCA 1999), dealt with a similar curative instruction and found it deficient. He stated:
As a curative instruction the judge's response is quite ambiguous. What precisely is the "last comment" to which the judge referred? Was it the words immediately preceding the judge's instructions, i.e. "[a]sk that it be stricken"? When a judge grants a motion to strike in this circumstance it is important that the fact of granting the motion be made unmistakably clear to the jury. It is also very important that the precise comment to be stricken be identified in a way that will leave no room for doubt about what the jury must ignore.
In the instant case, we have an extremely prejudicial comment by Detective Ghianda and a lapse of at least 27 minutes between the prejudicial comment and the curative instruction. The instruction does not make unmistakably clear what is to be disregarded and how important it is that the precise comment objected to play no part in the jury's deliberation. The curative instruction was insufficient to cure the prejudicial harm.
Therefore, we find the trial court abused its discretion in failing to grant the motion for mistrial. We reverse and remand for a new trial.
REVERSED AND REMANDED FOR NEW TRIAL.
STONE and SHAHOOD, JJ., concur.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).