PER CURIAM.
Tyrone 0. Whyte appeals the summary denial of his motion for post-conviction relief. We reverse.
In his motion, appellant alleged that his trial counsel was ineffective on two grounds: Counsel failed to object when the prosecutor cross-examined him at trial concerning his failure, at the time of his arrest, to tell a detective about his alibi— that he was at work at the time of the offense; and, counsel failed to object to the prosecutor’s closing remarks attacking his alibi for the same reason. The trial court, without seeking a state response, summarily denied the motion. The court failed to attach any portions of the record, even though it based its denial on the motion and “court files.”
We hold that the trial court erred when it summarily denied appellant’s motion for post-conviction relief, because it was legally sufficient. See Webb v. State, 347 So.2d 1054, 1056 (Fla. 4th DCA 1977) (reversing convictions on direct appeal, finding trial court erred by allowing prosecutor to impeach defendant by his silence after arrest; “we think there was nothing inconsistent with Webb’s police station silence and his alibi testimony at trial, and we also think the cross-examination as to appellant’s pretrial silence violated the due process clause of the Fourteenth Amendment, Smith v. State, 340 So.2d 930 (Fla. 4th DCA 1976)”); Lee v. State, 422 So.2d 928, 930 (Fla. 3d DCA 1982) (state court is free to place greater restrictions on use of post-arrest silence than do federal courts), rev. denied, 431 So.2d 989 (Fla.1983); Clark v. State, 363 So.2d 331, 334 (Fla.1978) (holding that contemporaneous objections were required to preserve for appeal improper comments on defendant’s right to remain silent); Jackson v. State, 711 So.2d 1371, 1372 (Fla. 4th DCA 1998) (reversing order summarily denying motion for post-conviction relief, inter alia, because any error involved in counsel’s failure to object to prosecutor’s comments concerning defendant’s post-arrest silence was not preserved for appeal due to counsel’s failure to object, which may be sufficient to constitute ineffective assistance of counsel pursuant to a rule 3.850 motion).
The state contends, inter alia, that there was no indication that appellant actually remained silent, citing, e.g., Ivey v. State, 586 So.2d 1230, 1234 (Fla. 1st DCA 1991) (holding state did not impermissibly comment on defendant’s right to remain silent when it cross-examined him on the inconsistency of his testimony with the prior statement he made to the arresting officer after being given the Miranda warnings). However, appellant alleges in his motion that he did.
Claimants for post-conviction relief are entitled to an evidentiary hearing on an ineffective assistance of counsel claim if they specify facts, unrebutted by the record, that demonstrate a deficiency in counsel’s performance which results in prejudice. See Rose v. State, 617 So.2d 291, 296 (Fla.), cert. denied, 510 U.S. 903, 114 S.Ct. 279, 126 L.Ed.2d 230 (1993). “If the motion, files, and records in the case conclusively show that the movant is entitled to no relief, the motion shall be denied without a hearing. In those instances when the denial is not predicated on the legal insufficiency of the motion on its face, a copy of that portion of the files and records that conclusively shows that the mov- *692 ant is entitled to no relief shall be attached to the order.” Fla. R.Crim. P. 3.850(d) (emphasis added).
Accordingly, we reverse and remand for further proceedings. If the trial court again denies the motion without an eviden-tiary hearing, it shall attach those portions of the record that conclusively rebut appellant’s claim of ineffective assistance of counsel.
DELL, GROSS, and HAZOURI, JJ., concur.