967 So.2d 450 (2007)
Christopher MYLES, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-3638.
District Court of Appeal of Florida, Fourth District.
November 7, 2007.
*451 Carey Haughwout, Public Defender, and Emily Ross-Booker, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Thomas A. Palmer, Assistant Attorney General, West Palm Beach, for appellee.
TAYLOR, J.
Appellant, Christopher Myles, was tried by jury and convicted of introduction of contraband into a county detention facility and possession of marijuana. He argues on appeal that the trial court reversibly erred in denying his motion for mistrial when the state commented on appellant's post-arrest silence during direct examination and on appellant's failure to testify during closing argument. Based on our review of the record, we do not find that the state's comment in closing argument was "fairly susceptible" of being perceived by the jury as a comment on appellant's failure to testify. However, we agree with appellant that the state improperly commented upon appellant's post-arrest silence on direct examination of a witness and that the trial court committed reversible error in denying his motion for a mistrial.
At trial, Detective Steven Hall of the Indian River County Sheriff's Office testified that he made a traffic stop of appellant's vehicle. After the stop, Detective Hall arrested appellant and transported him to the county jail. Before transporting appellant to jail, Detective Hall and his partner, Deputy Sposato, searched him. The search did not reveal any contraband on appellant's person.
Detective Hall took appellant to the booking area of the jail, where Deputy Roderick Smith performed intake procedures before appellant was to be booked. Deputy Smith explained to the jury what he does when an arrested person comes in to be booked. He said that he first asks the arrested person whether he is in possession of any guns, knives, drugs, needles, or anything that could stick him. He then pats down the individual and puts him in a holding cell for booking.
The state asked Deputy Smith to describe his encounter with appellant:
Question: What, what, if you would tell the jury what happened when you first came into contact with Christopher Myles.
Answer: Well, when he was brought in I asked him to put his hands on the wall. He never answered, I asked him the question do you have anything on you, guns, knives, drugs, needles, anything that will poke or stick me. He still never responded. He just put his hands on the wall. I conducted my pat down *452 and that's when I found in his back pocket a green, leafy substance that appeared to be marijuana.
Question: Now, did, did you, how many times did you ask if he had anything on him that would, you know, drugs or
Answer: Just, I normally do it once, sir.
Question: And he didn't respond. Do you know whether or not he heard you?
Defense counsel objected on the ground that the above exchange constituted a comment on appellant's right to remain silent. He also moved for a mistrial. The trial court sustained the objection but denied defense counsel's motion for a mistrial. The court pointed out that counsel failed to object when the deputy first commented on appellant's silence and that the court sustained defense counsel's objection when it was made after the state's second question. The court agreed that the testimony was an impermissible comment on appellant's silence, but it declined to grant a mistrial because it determined that the question and answer were isolated and did not vitiate the entire trial. The court offered to instruct the jury to disregard the last question and comment. However, defense counsel declined, explaining that he did not want to draw additional attention to the comments.
Deputy Smith went on to testify that he found marijuana in the left rear pocket of appellant's pants. After he pulled the marijuana out of his pocket, appellant told him, "Throw that away, they can't charge me with that because that was up to the Deputy to find it when he searched me." At the close of the state's case, appellant moved for a judgment of acquittal, arguing that he lacked intent to introduce the marijuana into the county jail. The trial court denied the motion.
During closing argument, the state argued to the jury:
Now, the question is do you really, I guess what [defense counsel] Mr. Mosher's saying is that well, he didn't really know, I'm not quite sure where he goes with his explanation of, of why he had the marijuana in his back pocket, but clearly you're going to hear instructions about possession in both, in both the instructions or both of the counts.
The state suggested to the jury that the defendant must have known he was still in possession of the marijuana when he was at booking:
I mean, I don't think anybody would disagree that he had to know this was sitting in his back pocket. It's a big wad of marijuana. The State would suggest to you that you're not going to forget you have a big wad of marijuana in your back pocket. So he knowingly possessed it.
In rebuttal, defense counsel questioned how appellant was supposed to know he possessed the marijuana when he had been searched twice after he was arrested and the officers had found nothing.
The jury found appellant guilty of introducing contraband into a county detention facility and possession of marijuana, as charged. The trial court denied appellant's post-trial motion for a new trial but dismissed the possession charge based on double jeopardy.
Appellant argues that the trial court erred by denying his motion for mistrial when the state's witness twice commented on his failure to answer the officer's questions about drug possession during the jail intake process. He contends that the officer's testimony was an impermissible comment on his post-arrest right to remain silent and that the state cannot show that the error was harmless.
At the outset, we reject the state's argument that appellant failed to preserve this *453 issue for review. "When an objection is made to unsolicited comments of a witness, the immediacy of the objection is not as critical as when the objection is to a question. Neither the questioner nor the other counsel can anticipate such voluntary statements from the question. Thus, courts have long recognized that objections to unsolicited comments are timely if made within a reasonable time." Carr v. State, 561 So.2d 617, 619 (Fla. 5th DCA 1990).
Here, the record shows that the deputy's comments were unsolicited. They were in response to the state's open-ended question about what happened when the deputy first came into contact with appellant. When the state repeated the deputy's testimony that appellant failed to respond to his question about possessing drugs and asked the deputy if knew whether appellant had heard him, defense counsel objected. We conclude that defense counsel objected and moved for mistrial within a reasonable time. See Sharp v. State, 605 So.2d 146, 147 (Fla. 1st DCA 1992) (stating that "[a]n objection need not always be made at the moment an examination enters impermissible areas of inquiry. An objection made during an impermissible line of questioning is sufficiently timely if it allows the court, had it sustained the objection, to instruct the jury to disregard the testimony or to consider a motion for mistrial.").
The trial court recognized that the deputy's testimony included impermissible comments on appellant's right of silence, but ruled that defense counsel's objection was timely only as to the state's second question and that the preceding question and answer were too isolated to warrant granting a mistrial.
We agree with the trial court that Deputy Smith's testimony amounted to an improper comment on appellant's exercise of his right to remain silent. Any comment which is fairly susceptible of being interpreted as a comment on silence will be treated as such. State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986). Deputy Smith's comments placed before the jury the fact that appellant did not say anything when he was asked if he had any contraband on his person during the pre-booking process. This testimony constituted a comment on appellant's post-arrest silence. See Thompson v. State, 634 So.2d 169 (Fla. 1st DCA 1994) (holding that officer's testimony that defendant refused to answer booking questions was impermissible evidence of defendant's exercise of right to silence); Kiner v. State, 824 So.2d 271 (Fla. 4th DCA 2002) (holding that police detective's comment on defendant's refusal to give tape-recorded statement to police until he was given a lawyer was an improper comment on defendant's post-arrest silence).
We disagree, however, with the court's decision to deny appellant's motion for mistrial. Generally, we review a denial of a motion for mistrial for abuse of discretion. See Jones v. State, 777 So.2d 1127, 1129 (Fla. 4th DCA 2001) (citing Goodwin v. State, 751 So.2d 537, 546 (Fla.1999)). However, when the motion for mistrial is based on testimonial comment on the defendant's silence, we review the denial under the harmless error test. Id. (citing Anderson v. State, 711 So.2d 230, 232 (Fla. 4th DCA 1998)). The harmless error test places the burden upon the state to show beyond a reasonable doubt that there is no reasonable possibility that the error complained of contributed to the conviction. See State v. DiGuilio, 491 So.2d 1129, 1138 (Fla.1986).
"The [harmless error] test is not one of weight of the evidence or the overwhelming nature of the evidence offered to show guilt. Rather, the test is whether a *454 reasonable possibility exists that the error affected the verdict." State v. Hoggins, 718 So.2d 761, 772 (Fla.1998). Here, appellant's defense was that he did not knowingly possess the marijuana discovered by Deputy Smith in his pocket and that he inadvertently introduced it into the county jail. The evidence showed that when the defendant was searched on the scene before being transported to jail, no drugs were recovered. The deputy's testimony that appellant declined to answer when he was asked whether he had any drugs on his person tended to undermine appellant's defense that he did not know that any drugs remained on his person after he was searched by the arresting officers. A reasonable jury might assume that a person who does not believe he has drugs in his possession would likely say so when questioned about the matter before a search. See Nelson v. State, 748 So.2d 237, 242 (Fla.1999) ("`If a party is silent, when he ought to have denied a statement that was made in his presence and that he was aware of, a presumption of acquiescence arises.'") (quoting Privett v. State, 417 So.2d 805, 806 (Fla. 5th DCA 1982)). Thus, we cannot say that there is no reasonable possibility that Deputy Smith's comments regarding appellant's silence contributed to the jury's finding of appellant's guilt. See DiGuilio, 491 So.2d at 1138. Accordingly, we reverse and remand for a new trial on the charges of introduction of contraband into a county detention facility and possession of marijuana.
Reversed and Remanded.
KLEIN and HAZOURI, JJ., concur.