973 So.2d 1174 (2007)
Richard Lee HUNTER, Appellant,
v.
STATE of Florida, Appellee.
No. 1D06-1637.
District Court of Appeal of Florida, First District.
December 31, 2007.
Rehearing Denied February 14, 2008.
*1175 Nancy A. Daniels, Public Defender, and Nada M. Carey, Assistant Public Defender, Tallahassee, for Appellant.
Bill McCollum, Attorney General, and Edward C. Hill, Jr., Special Counsel, Criminal Appeals, Tallahassee, for Appellee.
PER CURIAM.
Appellant, Richard Lee Hunter, challenges his conviction for first-degree murder and his sentence of life imprisonment. Appellant raises several claims of trial court error and argues that both individually and cumulatively these errors deprived him of a fair trial. Because we agree that three of Appellant's claims have merit and that the trial court's errors cannot be deemed harmless, we reverse. We affirm all other issues raised by Appellant without further discussion.
Appellant first argues that the trial court erred by denying his motion to suppress a taped statement he made to the police the day after his arrest. The evidence adduced at the suppression hearing, when viewed in a light most favorable to the State, revealed that Appellant informed law enforcement upon his arrest that he wanted an attorney. However, while Appellant was waiting to be arraigned, several correctional officers asked him to speak to the investigators in his case. Appellant repeatedly refused this request. At 4:30 a.m. the following day, another correctional officer asked him to speak to the investigators about his case, and he decided to speak to Officer Orr. Officer Orr's testimony established that he received a call from a correctional officer around 5:00 a.m. that morning informing him that Appellant wanted to speak to him. Officer Orr confirmed that it was Appellant's decision to speak with him before he started the interrogation. In his motion to suppress, Appellant argued that his statement should be suppressed because the evidence showed that he did not initiate contact with Officer Orr. The State argued that the court had to make a credibility determination between Appellant and Officer Orr. The trial court erroneously denied this motion.
*1176 Because Appellant invoked his right to counsel upon being arrested, the State had to establish that Appellant was the person that initiated contact with Officer Orr in order for his statement to, be admissible at trial. Oregon v. Bradshaw, 462 U.S. 1039, 1044, 103 S.Ct. 2830, 77 L.Ed.2d 405 (1983). The waiver of the right to counsel cannot be established by showing that Appellant responded to police-initiated contact. Edwards v. Arizona, 451 U.S. 477, 484-85, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981). In this case, the State never rebutted Appellant's testimony that he decided to speak to Officer Orr after being contacted by a correctional officer. Moreover, Officer Orr merely testified that he confirmed that it was Appellant's decision to speak to him. This testimony does not address the issue of who initiated the contact that led Appellant to decide to speak to the officer. Thus, the trial court erred in denying Appellant's motion to suppress.
Next, Appellant argues that the trial court erred in denying his motion for mistrial after an officer commented on his right to remain silent. During direct examination, Officer Orr testified that Appellant wanted an attorney after he was arrested. This comment is fairly susceptible of being interpreted by the jury as a comment on Appellant's right to remain silent. State v. DiGuilio, 491 So.2d 1129, 1131 (Fla.1986). Comments on a defendant's right to remain silent are high-risk errors because there is a substantial likelihood that they will vitiate the defendant's right to a fair trial. Grier v. State, 934 So.2d 653, 655 (Fla. 4th DCA 2006). The State argued that this comment was harmless error in light of Appellant's statements that were admitted at trial, including Appellant's own testimony. However, a defendant's decision to testify at trial is separate from his decision to remain silent at the time of arrest, and a decision to testify at trial does not waive a defendant's right to remain silent at the time of arrest. Robbins v. State, 891 So.2d 1102, 1106 (Fla. 5th DCA 2004); Sharp v. State, 605 So.2d 146, 148 (Fla. 1st DCA 1992). Thus, the trial court erred by denying Appellant's motion for mistrial.
Finally, Appellant argues that the trial court erred in denying his motion for mistrial after the prosecutor questioned him about testimony he gave in a previous murder trial. In this case, Appellant was being tried for first-degree murder where the victim's body was never recovered and decided to testify on his own behalf. During cross-examination, the prosecutor asked Appellant if he had previously testified in a trial twenty years ago where a man was charged with killing someone whose body was never found. The trial court sustained defense counsel's objection to this question, denied Appellant's motion for mistrial, and directed the jury to disregard the question. This question reflected poorly on Appellant's character because it implied that he was directly involved in a similar crime. Appellant's character and credibility were the main focus of this trial; thus, the trial court should have granted the motion for mistrial.
In light of the cumulative effect of these errors, we cannot say that they were harmless. "The harmless error test places the burden on the state, as the beneficiary of the error, to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict or, alternatively stated, that there is no reasonable possibility that the error contributed to the. conviction." DiGuilio, 491 So.2d at 1135. "Application of the test requires not only a close examination of the permissible evidence on which the jury could have legitimately relied, but an even closer examination of the impermissible evidence which might have possibly influenced the jury verdict." Id. at 1138. In *1177 this case, the body of the victim was never located, and there was no physical evidence that a crime occurred. The case centered on the credibility of the trial witnesses, including Appellant. It is possible that all of the above errors had a negative effect on Appellant's credibility with the jury. Because it cannot be said beyond a reasonable doubt that the combined effect of the above errors did' not contribute to the jury's verdict, we reverse Appellant's conviction and remand for a new trial.
REVERSED and REMANDED.
ALLEN, KAHN, and DAVIS, JJ., concur.