En Banc
WARNER, J.
In this appeal from his conviction of aggravated battery and battery, appellant/defendant claims that the prosecutor made an improper comment on defendant’s right to remain silent. When the defendant objected at trial, the court sustained the defense objection and gave a curative instruction to the jury, but the court denied a motion for mistrial. Although this court has in the past occasionally applied a harmless error standard of review to simi *534 lar claims, we recognize that the abuse of discretion standard of review for the denial of a motion for mistrial remains the proper standard to apply to this circumstance, as enunciated by our supreme court. Based upon the proper standard of review, we affirm appellant’s conviction. We consider this case en banc to recede from those decisions which relied on the harmless error standard to review the denial of motions for mistrial.
The state charged the defendant with aggravated battery on a pregnant woman (L.F.) with a deadly weapon and one count of aggravated battery against S.S., a minor, with a deadly weapon, arising out of a fight. The defendant and L.F. were involved in a relationship. S.S. is the sister of the defendant, but had become very close to L.F. Although the couple broke off the relationship, after a later sexual encounter, L.F. became pregnant with defendant’s child.
One day after a doctor’s appointment, L.F. came by defendant’s parent’s house to see S.S. and share with her information on the pregnancy. Defendant came in and appeared uninterested in the due date of his child. Instead, he appeared “as though he was preparing to ... beat [her] up.” He asked where her cell phone was, and when L.F. couldn’t produce it, he began to beat up both L.F. and his sister, S.S. The fight was fairly intense, with pots and pans being thrown and even a vacuum cleaner being used as a weapon. Defendant also had a gun and hit both of the women with it. The fight went on for quite a while. Defendant eventually left, and the women called for help.
The state’s case focused primarily on the testimony of L.F. S.S. did not testify. Defendant testified in his own defense that at the time of the incident he was involved with a woman named Regina, whom he had arranged to meet at his parent’s home that day. When he arrived at the apartment, S.S., Regina, and L.F. were all arguing and “had seemed like they just got out of a fight.” He observed pots and the vacuum on the ground. He left with Regina, who had scratches and bumps. During cross-examination, the prosecutor questioned defendant on his version of what occurred and the involvement of Regina. He then asked, “And, isn’t it true, that you never told the police?” Defense counsel immediately objected and moved for a mistrial, based on the “comment on his right to remain silent.” The court sustained the objection, but denied the motion for mistrial. Defense counsel requested the court to instruct the jury to disregard the question. The court agreed and instructed the jury:
Members of the jury, you should disregard the last question, draw no inferences from it. If you wrote anything down in your notes about it, just cross it out.
Following the presentation of evidence and argument, the jury found defendant guilty of aggravated battery on a pregnant woman as charged and guilty of battery on S.S., a lesser included offense. Defendant was sentenced to seven years in prison on the felony aggravated battery and six months on the misdemeanor battery. He appeals the convictions.
On appeal, defendant contends that the court erred in denying the motion for mistrial. In this “he said/she said” trial, he claims that the prosecutor’s comment was not harmless beyond a reasonable doubt. This, however, is not the standard to be applied to the denial of a motion for mistrial. Instead, our supreme court has directed that the appellate court review a denial of a motion for mistrial by an abuse *535 of discretion standard, even where the issue is a comment on silence.
Most recently, in Bright v. State, — So.3d -, 2012 WL 224067 (Fla.2012), the supreme court reviewed a claim that a prosecutor improperly commented on the defendant’s silence in closing argument. Defense counsel did not object contemporaneously with the comment, but objected and moved for a mistrial at the close of the argument. Although the court held that the issue had not been properly preserved, it addressed the standard of review. First, it explained the necessity of an objection:
“The requirement of a contemporaneous objection is based on practical necessity and basic fairness in the operation of the judicial system. A contemporaneous objection places the trial judge on notice that an error may have been committed and thus, provides the opportunity to correct the error at an early stage of the proceedings.”
Id. at - (quoting Nixon v. State, 572 So.2d 1336, 1340-41 (Fla.1990)).
While the objection was untimely in Bright, the court still considered the merits in ruling on the motion for mistrial, but under an abuse of discretion standard:
Even if defense counsel had objected contemporaneously, the trial court never ruled upon that objection. Under such circumstances, we have explained that the standard of review on direct appeal is whether the trial court abused its discretion in denying the motion for mistrial, not the harmless error standard which applies when an objection is overruled. See Poole v. State, 997 So.2d 382, 391 n. 3 (Fla.2008); Dessaure v. State, 891 So.2d 455, 465 n. 5 (Fla.2004). Accordingly, this issue is analyzed under an abuse of discretion standard.
A trial court should grant a motion for mistrial only when “the error upon which it rests is so prejudicial as to vitiate the entire trial, making a mistrial necessary to ensure that the defendant receives a fair trial.” Dessaure, 891 So.2d at 464-65.
Id. This is consistent with prior pronouncements of the court on the standard of review that “‘[t]he use of a harmless error analysis under State v. DiGuilio, 491 So.2d 1129 (Fla.1986), is not necessary where ‘the trial court recognized the error, sustained the objection and gave a curative instruction.’ Gore, 784 So.2d at 428. Instead, the correct appellate standard of review is abuse of discretion.’ ” Rivera v. State, 859 So.2d 495, 512 (Fla.2003) (quoting Smithers v. State, 826 So.2d 916, 930 (Fla.2002)).
We applied the abuse of discretion standard of review in Durrant v. State, 839 So.2d 821 (Fla. 4th DCA 2003), to a comment on a defendant’s failure to testify. Of the proper standard of review, we said:
[W]hen defense counsel objected to the comment, the court sustained the objection and gave a curative instruction to the jury to disregard the comment. The court then denied defense counsel’s subsequent motion for mistrial. Our standard for review of the denial of the motion for mistrial is whether the trial court abused its discretion. See Goodwin v. State, 751 So.2d 537, 546 (Fla.1999) (citations and footnote omitted). Thus, we must “determine whether the single improper remark, to which the trial court sustained an objection and gave a curative instruction, was so prejudicial as to deny defendant a fair trial.” Id. at 547 (citation omitted).
Id. at 824.
This court, however, has not been consistent in its application of the standard, and in some cases we have applied a harmless error analysis. In Jones v. State, 777 *536 So.2d 1127 (Fla. 4th DCA 2001), we applied the harmless error standard to the denial of a motion for mistrial, even though the defendant had objected to the comment on silence, and the trial court sustained the objection, gave a curative instruction, but denied the motion for mistrial.
Jones relied on Anderson v. State, 711 So.2d 230, 232 (Fla. 4th DCA 1998), for the use of the harmless error standard. In Anderson, a witness made a comment on the defendant’s silence, and counsel moved for a mistrial. The opinion does not mention whether the defense also objected and was sustained, nor whether the court gave a curative instruction. The opinion merely states that the motion for mistrial was denied. Nevertheless, we held that denial of the motion for mistrial must be measured by the harmless error standard. Jones and Anderson were followed by Myles v. State, 967 So.2d 450 (Fla. 4th DCA 2007), which also applied a harmless error standard to review the denial of a motion for mistrial, as did Munroe v. State, 983 So.2d 637 (Fla. 4th DCA 2008). These cases all conflict with the standard of review as set forth by the supreme court. To the extent that they apply a harmless error standard of review to the denial of a motion for mistrial involving a comment on silence, we recede from their pronouncements.
In this case, applying the abuse of discretion standard, we affirm. It is not clear that the question asked of the defendant about whether he told the police about Regina, which question was not answered, was an impermissible comment on silence, as it depended upon whether it was made pre-arrest. See State v. Hoggins, 718 So.2d 761, 770 (Fla.1998). For the purpose of this opinion, we will assume, without deciding, that the unanswered question was a comment on silence. We cannot conclude, however, that this one question vitiated the entire trial and prevented justice from being done.
The trial court acted correctly in sustaining the objection and giving a strong curative instruction. Defense counsel did not object to the instruction given or request any further instruction. Moreover, although only L.F. and the defendant testified to the incident itself, officers who appeared shortly after the fight ended testified that L.F. was still terrified and refused to leave the side of the officer, afraid that the defendant might be around. This behavior was inconsistent with the defendant’s assertion that L.F. and his sister jumped his new girlfriend Regina. In analyzing the issue again upon a motion for new trial, the trial court stated:
It was a single question in the context of the entire case. Considering the fact that it was actually the — the objection was sustained and immediately followed up with a — a curative instruction, as I recall. It was a strong curative instruction that, I believe the jurors were told to disregard the question and not to draw any inferences from it.
I find that even if it were error, it would not be the kind of harmful error that would require a new trial, in the context of all of the circumstances of the case.
The trial court, who was present and observing the witnesses and could judge the effect of this comment on the entire trial far better that we can, found that it did not require the grant of a new trial.[1] We find no abuse of discretion.

Affirmed.

*537 MAY, C.J., POLEN, STEVENSON, GROSS, TAYLOR, HAZOURI, DAMOORGIAN, CIKLIN, GERBER, LEVINE and CONNER, JJ., concur.

. While some inadvertent comments on silence may permit a trial court to rule instan *537 taneously on a motion for mistrial because of the insignificance of the remark, the standard in granting the motion is whether the error is so prejudicial to vitiate the entire trial. In some circumstances the trial court might be well-advised to reserve ruling on a timely motion for mistrial until the end of the trial when the court can review all of the circumstances to make the determination.